08 CV 00410

COZEN O'CONNOR
45 Broadway Atrium, 16th Floor
New York, New York 10006-3792
Tel: (212) 509-9400
Fax: (212) 509-9492
DAVID Y. LOH (DL 0460)

Attorneys for Plaintiff
(Our File No.: Pending )



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ST. PAUL TRAVELERS INSURANCE                    08 Civ.        (    )
COMPANY LTD.,

                  Plaintiff,

        v.                                              **VERIFIED COMPLAINT**

M/V MADAME BUTTERFLY, her engines,
tackle, machinery, etc., *in rem;* WALLENIUS
WILHELMSEN LOGISTICS AS; WALLENIUS
WILHELMSEN LOGISTICS, INC.; WALLENIUS             **JURY TRIAL**
WILHELMSEN LOGISTICS AMERICAS LLC;                **DEMANDED**
OST TRUCKS AND CRANES, INC.; PACIFIC
RO RO STEVEDORING, INC.; PACIFIC RO RO
STEVEDORING LLC and PARSIFAL
SHIPPING LTD. *in personam;*

                  Defendants.
-------------------------------------------------------------X

       Plaintiff ST. PAUL TRAVELERS INSURANCE COMPANY LTD. ("plaintiff"), by and through its attorneys, Cozen O'Connor, as and for its Complaint against M/V MADAME BUTTERFLY, her engines, tackle, machinery, etc., *in rem,* WALLENIUS WILHELMSEN LOGISTICS AS; WALLENIUS LOGISTICS, INC.; WALLENIUS WILHELMSEN LOGISTICS AMERICAS LLC; OST TRUCKS AND CRANES, INC., PACIFIC RO RO STEVEDORING, INC., and PARSIFAL SHIPPING LTD., *in personam,* (hereinafter collectively referred to as "defendants") alleges upon information and belief as follows:

## JURISDICTION and VENUE

1. This is an admiralty-maritime action for loss of or damage to cargo and breach of a maritime contract and falls within the Court's admiralty-maritime jurisdiction pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure as more fully appears herein. This claim also arises out of the intrastate, interstate, and international shipment of cargo which involves issues of interstate commerce and federal common law, and the matter in controversy exceeds ten thousand dollars ($10,000), exclusive of interest and costs, giving rise to jurisdiction pursuant to 28 U.S.C. § 1331 and 1337. There also is supplemental jurisdiction under 28 U.S.C. § 1367 in this action.

2. The U.S. District Court for the Southern District of New York is a proper venue for this action based upon paragraph 13 of the below referenced bill of lading which provides in relevant part:

> 13. CHOICE OF FORUM
> All disputes arising from shipments to or from the United States will be decided only by the **United States District for the Southern District Court for the Southern District of New York** in New York City. This court has exclusive jurisdiction over such disputes. (emphasis added).

## FACTS

3. Plaintiff is now and at all times herein material was a corporation duly organized and existing by virtue of law and was the marine cargo insurer of the hereinafter described shipment.

4. On information and belief, Motor Vessel MADAME BUTTERFLY (the "Vessel") is a Singaporean flagged vessel and is now, or will be within the jurisdiction of this Court during the pendency of this action.

5. On information and belief, defendant WALLENIUS WILHELMSEN LOGISTICS AS, is now and at all times herein material was a corporation engaged in business throughout the fifty states, including the Southern District of New York as, among other things, as a common carrier of goods for hire between among others, foreign and U.S. ports and/or a vessel operator and/or a vessel charterer.

6. On information and belief, defendant WALLENIUS WILHELMSEN LOGISTICS, INC., is now and at all times herein material was a Norwegian corporation engaged in business throughout the fifty states, including the Southern District of New York as, among other things, a common carrier of goods for hire between among others, foreign and U.S. ports and/or a vessel operator and/or a vessel charterer.

7. On information and belief, defendant WALLENIUS WILHELMSEN AMERICAS, LLC, is now and at all times herein material was a corporation engaged in business throughout the fifty states, including the Southern District of New York as, among other things, as a common carrier of goods for hire between among others, foreign and U.S. ports and/or a vessel operator and/or a vessel charterer. All WALLENIUS defendants shall hereinafter be collectively referred to as "WWL."

8. On information and belief, defendant OST TRUCKS AND CRANES, INC. ("OST") is now and at all times herein material was a California corporation as, among other things, a crane operator operating in Port Hueneme, California.

9. On information and belief, defendant PACIFIC RO RO STEVEDORING, INC. is now and at all times herein material was a California corporation engaged in business as, among other things, a stevedore operating in Port Hueneme, California.

10. On information and belief, defendant PACIFIC RO RO STEVEDORING LLC is now and at all times herein material was a California corporation engaged in business as, among other things, a stevedore operating in Port Hueneme, California. Both PACIFIC

defendants shall hereinafter be collectively referred to as "PACIFIC RO RO".

11. Defendant PARSIFAL SHIPPING LTD. ("PARSIFAL") is now and at all times herein material was a foreign corporation duly organized and existing according to law and engaged in business as a common carrier of goods for hire between, among others, the ports of Southampton, England and Port Hueneme, California. At all times herein material said defendant was and is now the owner and/or operator of the Vessel.

12. On or about December 23, 2006, at Southampton, England, defendants WWL and PARSIFAL received a shipment consisting of one 72 foot 2006 Sunseeker Predator motor yacht (the "Shipment") in good order and condition for carriage aboard the Vessel from Southampton, England, to Port Hueneme, California. Said defendants agreed as common carriers and in consideration of a pre-arranged freight, to transport said shipment from London, England to Port Hueneme, California, and to deliver the same there in like good order and condition as when received, to the holder of bills of lading GB536853 and others issued by and on behalf of defendants.

13. Defendants WWL and PARSIFAL transported the Shipment on board the Vessel to the aforementioned port of discharge, and thereinafter attempted to discharge the Shipment from the Vessel into the water according to the terms and conditions of the applicable bills of lading and/or other contracts.

14. On information and belief, defendant OST was the owner, operator, manager or controller of a certain 45 ton mobile crane utilized during discharge operations for the Shipment.

15. On information and belief, defendant PACIFIC RO RO conducted discharge operations for the Shipment.

16. Due to the unworkmanlike performance, negligence, recklessness, and intentional conduct of defendants, jointly and severally, the Shipment was damaged beyond

repair during discharge from the Vessel. In particular, during discharge operations, a crane owned, managed, operated and/or controlled by defendants, their employees, servants and/or agents, toppled over which caused significant and irreparable damage to the Shipment. Said unworkmanlike performance, negligent, reckless, and intentional conduct included, but was not limited to, the following:

- Knowingly utilizing inappropriate machinery to complete the task, despite the availability of appropriate machinery at the location of discharge;
- Knowingly operating machinery under conditions in excess of the capacity of said machinery;
- Conducting discharge operations under weather and other conditions substantially certain to cause damage to the shipment;
- Intentional and/or reckless failure to complete, and/or comply with, a lift plan for discharge of the shipment;
- Disabling or ignoring alarms and other mechanical safeguards against damage to the shipment;
- Such other and further instances of negligent, reckless and intentional conduct as may be disclosed during discovery and/or proved at trial of this matter.

17. Defendants, jointly and severally, failed and neglected to deliver said shipment in like good order and condition as when received on board said defendant vessel at the port of shipment. On the contrary, defendants, jointly and severally, in breach and violation of the aforesaid contract of carriage, delivered the Shipment at the aforesaid discharge port in a damaged, and otherwise inoperable, broken condition, by reason of which Plaintiff and its insured suffered a loss, as near as can now be determined, in a sum in excess of $3 million.

18. At all relevant times, each defendant was the agent or employee of each other defendant, and was operating within the course and scope of its agency or employment.

5

19. Subsequent to the carriage of the Shipment from the said port of loading, but prior to the herein described loss and damage thereto, plaintiff issued a policy of marine insurance covering the shipment against loss or damage in transit. Plaintiff paid the persons entitled to payment under said policy of marine cargo insurance and is now the owner of all rights, claims and causes of action for loss of or damage to said shipment while in transit.

### FIRST CAUSE OF ACTION
### DAMAGE TO GOODS IN TRANSIT
(Against all defendants)

20. Plaintiff incorporates paragraphs 1 through 19 herein as though fully set forth at this point.

21. Defendants, jointly and severally, agreed to carry the shipment from Southampton, England to Port Hueneme, California, to there discharge the shipment into the water, and to deliver the shipment to the holder of the aforementioned bills of lading in the same good order and condition as when received for transportation.

22. Defendants, and each of them, failed to deliver the shipment in good order and condition as agreed. To the contrary, the shipment was destroyed while being discharged at Port Hueneme.

23. As a result, plaintiff has suffered damages in an amount to be proved at trial, in excess of $3 million.

WHEREFORE, plaintiff prays judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION
### NEGLIGENCE
(Against all defendants)

24. Plaintiff incorporates paragraphs 1 through 19 herein as though fully set forth at

this point.

25. Defendants, jointly and severally, owed plaintiff a duty of care in connection with the matters alleged herein, to avoid damage to the shipment.

26. Defendants, jointly and severally, breached that duty, as a result of which the shipment was destroyed, causing damages in excess of $3 million to plaintiff.

WHEREFORE, plaintiff prays judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
### UNWORKMANLIKE PERFORMANCE
(Against all defendants)

27. Plaintiff incorporates paragraphs 1 through 19 herein as though fully set forth at this point.

28. By reason of the premises, defendants, jointly and severally, owed plaintiff a legal duty of, and/or warranted to provide, workmanlike performance in connection with the carriage, discharge, and delivery of the shipment.

29. Defendants, jointly and severally, breached that duty, as a result of which the shipment was destroyed, causing damages in excess of $3 million to plaintiff.

WHEREFORE, plaintiff prays judgment as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### CONVERSION
(Against all defendants)

30. Plaintiff incorporates paragraphs 1 through 19 herein as though fully set forth at this point.

31. Through their knowing and/or intentional conduct, and/or conduct substantially certain to result in damage to the shipment, defendants, jointly and severally, converted the Shipment by causing its destruction, rendering it unusable in any way to plaintiff or any other

person.

32. As a result, plaintiff suffered damages in excess of $3 million.

WHEREFORE, plaintiff prays judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION
## NEGLIGENT ENTRUSTMENT
(Against all defendants)

33. Plaintiff incorporates paragraphs 1 through 19 herein as though fully set forth at this point.

34. Defendants, and each of them, owed plaintiff a duty of care in connection with the matters alleged herein, to avoid entrusting the Shipment to any individual or entity unable and/or unwilling to properly care for and/or prevent damage to the Shipment.

35. Defendants, and each of them, breached that duty, as a result of which the Shipment was destroyed, causing damages in excess of $3 million to plaintiff.

WHEREFORE, plaintiff prays judgment as hereinafter set forth.

## SIXTH CAUSE OF ACTION
## BREACH OF CONTRACT
(Against all defendants)

36. Plaintiff incorporates paragraphs 1 through 19 herein as though fully set forth at this point.

37. Defendants, and each of them, agreed to carry the Shipment from Southampton, England, to Port Hueneme, California, to there discharge the Shipment into the water, and to deliver the Shipment in the same good order and condition as received.

38. Defendants, and each of them, failed to deliver the Shipment in good order and condition as agreed. To the contrary, the Shipment was destroyed while in the exclusive care, custody and control of defendants at Port Hueneme.

39.     As a result, plaintiff has suffered damages in an amount to be proved at trial, in excess of $3 million.

**WHEREFORE,** plaintiff prays judgment as follows:

(a) That process in due form of law according to the practice of this Court may issue against these defendants.

(b) That if defendants cannot be found within the district that all of their property within this district be attached in the sum set forth in this complaint, together with interest and costs.

(c) That a judgment be entered in favor of plaintiffs, on each count, for the amounts stated in this complaint, together with interest and costs.

(d) That in the event there is an arbitration clause which governs this dispute, the complaint be deemed a demand for arbitration in accordance with the terms and conditions of that arbitration clause.

(e) Plaintiff further requests such other and further relief as to this Court may seem just and proper.

Dated:   New York, New York
         January 16, 2008

                    COZEN O'CONNOR
                    Attorneys for Plaintiff
                    ST. PAUL TRAVELERS INSURANCE
                    COMPANY LTD.

            By:     _____
                    David Y. Loh (DL 0460)
                    45 Broadway Atrium, 16th Floor
                    New York, New York 10006-3792
                    Tel.:   (212) 509-9400
                    Fax:    (212) 509-9492
                    (Our File No.: Pending)

STATE OF NEW YORK )
: S.S.:
COUNTY OF NEW YORK )

DAVID Y. LOH, being duly sworn, deposes and says:

That he is an attorney admitted to practice before the Courts of this State and a member of the firm of COZEN O'CONNOR, attorneys for Plaintiff herein.

That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters, he believes them to be true.

Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the matters set forth in the Verified Complaint in the possession of deponent.

_____
DAVID Y. LOH

Sworn to before me this 16th
day of January, 2008

_____
Notary Public

JOHN B. GALLIGAN
Notary Public, State of New York
No. 02GA6159400
Qualified in New York County
Commission Expires January 16, 2011

NEWYORK_DOWNTOWN\280317\1 099994.000