Thaddeus J. Rozanski, Esq. (8338)
KRAL, CLERKIN, REDMOND,
RYAN, PERRY & GIRVAN, LLP
69 E. Jericho Turnpike
Mineola, N.Y. 11501
Tel: (516) 742-3470
Fax:(516) 742-6243
Attorneys for Defendant
OST TRUCKS AND CRANES, INC., a California Corporation


Gary S. Gray
Matthew S. Shorr
Ronald H. Mandel (RM - 3899)
GRAY · DUFFY, LLP
15760 Ventura Boulevard, 16th Floor
Encino, California 91436
Phone (818) 907-4000
Co-Counsel for Defendant
OST TRUCKS AND CRANES, INC., a California Corporation


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ST. PAUL TRAVELERS INSURANCE COMPANY, LTD., <br><br> Plaintiff, <br><br> v. <br><br> M/V MADAME BUTTERFLY, her engines, tackle, machinery, etc., *in rem*; WALLENIUS WILHEMSEN LOGISTICS AS; WALLENIUS WILHEMSEN LOGISTICS, INC.; WALLENIUS WILHEMSEN LOGISTICS AMERICAS LLC; OST TRUCKS AND CRANES, INC.; PACIFIC RO RO STEVEDORING, INC.; PACIFIC RO RO STEVEDORING, LLC; and PARSIFAL SHIPPING LTD *in personam*, <br><br> Defendants. | No. 08 Civ. 00410 (JGK) <br><br> (ECF) <br><br> **DEFENDANT, OST TRUCKS AND CRANES, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

1

Thaddeus J. Rozanski, attorneys for Defendant, OST TRUCKS AND CRANES, INC., a California corporation ("OST"), by their undersigned counsel, answering the Amended Complaint on file, and for itself alone, and alleges as follows:

## I.

## ADMISSIONS AND DENIALS

1. Answering Paragraph 1 of Plaintiff's Amended Complaint, Defendant OST lacks information and belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

2. Answering Paragraph 2 of Plaintiff's Amended Complaint, Defendant OST lacks information or belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

3. Answering Paragraph 3 of Plaintiff's Amended Complaint, Defendant OST has no information or belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

4. Answering Paragraph 4 of Plaintiff's Amended Complaint, Defendant OST admits that the incident which is the subject of the within action involved the vessel commonly known as the Madam Butterfly. Except as so admitted, Defendant OST has no information or belief sufficient to enable it to Answer the other allegations of Paragraph 4, and on that basis denies each and every allegation thereof.

5. Answering Paragraph 5 of Plaintiff's Amended Complaint, Defendant OST has no information or belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

6. Answering Paragraph 6 of Plaintiff's Amended Complaint, Defendant OST has no information or belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

7. Answering Paragraph 7 of Plaintiff's Amended Complaint, Defendant OST has no information or belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

8. Answering Paragraph 8 of Plaintiff's Amended Complaint, Defendant OST admits all allegations contained therein.

9. Answering Paragraph 9 of Plaintiff's Amended Complaint, Defendant OST has no information or belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

10. Answering Paragraph 10 of Plaintiff's Amended Complaint, Defendant OST has no information or belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

11. Answering Paragraph 11 of Plaintiff's Amended Complaint, Defendant OST has no information or belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

12. Answering Paragraph 12 of Plaintiff's Amended Complaint, Defendant OST has no information or belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

13. Answering Paragraph 13 of Plaintiff's Amended Complaint, Defendant OST has no information or belief sufficient to enable it to Answer these allegations, and on that basis denies each

and every allegation thereof.

14. Answering Paragraph 14 of Plaintiff's Amended Complaint, Defendant OST admits that it furnished a 300-ton conventional crane and operator, pursuant to a Lease Agreement/Work Authorization between Wallenius Wilhelmsen Logistics Americas, LLC and/or Wallenius Wilhelmsen Logistics, Inc. ("Wallenius"). Except as so admitted, Defendant OST denies each and every allegation contained in said Paragraph, for lack of sufficient information or belief as to the truth of the allegations contained therein.

15. Answering Paragraph 15 of Plaintiff's Amended Complaint, Defendant OST lacks sufficient information or belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

16. Answering Paragraph 16 of Plaintiff's Amended Complaint, Defendant OST admits that the shipment sustained damage during the course of the lift, and that Defendant OST furnished a crane and operator, pursuant to a Lease Agreement/Work Authorization entered into with Wallenius Wilhelmsen Logistics Americas, LLC and/or Wallenius Wilhlemsen Logistics, Inc. ("Wallenius"). Except as so admitted, Defendant OST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis, denies each and every allegation contained therein.

17. Answering Paragraph 17 of Plaintiff's Amended Complaint, Defendant OST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

18. Answering Paragraph 18 of Plaintiff's Amended Complaint, Defendant OST is without sufficient knowledge or information to form a belief as to the truth of the allegations

contained in said Paragraph, and on that basis denies each and every allegation contained therein.

19. Answering Paragraph 19 of Plaintiff's Amended Complaint, Defendant OST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION
## DAMAGE TO GOODS IN TRANSIT

20. Answering Paragraph 20 of Plaintiff's Amended Complaint, Defendant OST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

21. Answering Paragraph 21 of Plaintiff's Amended Complaint, Defendant OST has no information or belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

22. Answering Paragraph 22 of Plaintiff's Amended Complaint, Defendant OST admits that the shipment sustained damage during the course of the lift. Except as so admitted, Defendant OST is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

23. Answering Paragraph 23 of Plaintiff's Amended Complaint, Defendant OST has no information or belief sufficient to form a belief as to the truth of the allegations contained said Paragraph, and on that basis denies each and every allegation thereof.

## SECOND CAUSE OF ACTION
## NEGLIGENCE

24. Answering Paragraph 24 of Plaintiff's Amended Complaint, Defendant OST is without information or belief sufficient to enable to answer these allegations, and on that basis denies

each and every allegation contained therein.

25. Answering Paragraph 25 of Plaintiff's Amended Complaint, Defendant OST admits that cost estimates with respect to the items reflected in Exhibits C, D, E, and F of the January 24, 2008 Cost Estimate remain the same as before.

26. Answering Paragraph 26 of Plaintiff's Amended Complaint, Defendant OST admits that the shipment sustained damage during the course of the lift. Except as so admitted, Defendant OST denies each and every allegation contained in said Paragraph, for lack of sufficient information and belief as to the truth of the allegations contained therein.

### THIRD CAUSE OF ACTION
### UNWORKMANLIKE PERFORMANCE

27. Answering Paragraph 27 of Plaintiff's Amended Complaint, Defendant OST is without information and belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

28. Answering Paragraph 28 of Plaintiff's Amended Complaint, Defendant OST is without information and belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

29. Answering Paragraph 29 of Plaintiff's Amended Complaint, Defendant OST is without information and belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

### FOURTH CAUSE OF ACTION
### CONVERSION

30. Answering Paragraph 30 of Plaintiff's Amended Complaint, Defendant OST is without information and belief sufficient to enable it to Answer these allegations, and on that basis

denies each and every allegation thereof.

31. Answering Paragraph 31 of Plaintiff's Amended Complaint, Defendant OST is without information and belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

32. Answering Paragraph 32 of Plaintiff's Amended Complaint, Defendant OST is without information and belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

## FIFTH CAUSE OF ACTION
## NEGLIGENT ENTRUSTMENT

33. Answering Paragraph 33 of Plaintiff's Amended Complaint, Defendant OST is without information and belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

34. Answering Paragraph 34 of Plaintiff's Amended Complaint, Defendant OST is without information and belief sufficient to enable it to Answer these allegations, and on that basis denies each and every allegation thereof.

35. Answering Paragraph 35 of Plaintiff's Amended Complaint, Defendant OST admits that the shipment sustained damage during the course of the lift. Except as so admitted, Defendant OST denies each and every allegation contained in said Paragraph, for lack of information or belief sufficient to enable it to answer these allegations.

## SIXTH CAUSE OF ACTION
## BREACH OF CONTRACT

36. Answering Paragraph 36 of Plaintiff's Amended Complaint, Defendant OST is without information and belief sufficient to enable it to Answer these allegations, and on that basis

denies each and every allegation thereof.

37.    Answering Paragraph 37 of Plaintiff's Amended Complaint, Defendant OST denies that it entered into a Contract with Plaintiff. Except as so admitted, Defendant OST denies each and every allegation contained in said Paragraph, for lack of information or belief as to the truth of the allegations contained in said Paragraph.

38.    Answering Paragraph 38 of Plaintiff's Amended Complaint, Defendant OST admits that the shipment sustained damage during the course of the lift. Except as so admitted, Defendant OST denies each and every allegation contained in said Paragraph, for lack of information or belief as to the truth of the allegations contained therein.

39.    Answering Paragraph 39 of Plaintiff's Amended Complaint, Defendant OST has no information or belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation thereof.

## II.

## DEFENSES

**FIRST DEFENSE:**
**(F.R.C.P. Rule 12(b)(5))**

40.    Plaintiff's Amended Complaint fails to state any claim upon which relief may be granted.

**SECOND DEFENSE:**
**(Negligence of Others)**

41.    That the plaintiffs could with due diligence have obtained personal jurisdiction over tortfeasors not made parties to this lawsuit and thus the culpability of such missing or absent tortfeasors is to be apportioned into the total culpability allegedly causing the subject occurrence.

**THIRD DEFENSE:**
**(Liability as to Proportion of Fault)**

42. Defendant is informed and believes, and upon such information and belief alleges, that in the event Plaintiff should establish any liability on the part of this Answering Defendant, which liability is expressly denied, this Answering Defendant may not be obligated to pay sums representing a proportion or percentage of fault not its own, but that of Plaintiff, other parties to this action, and third persons not parties to this action.

43. Accordingly, Defendant is entitled to an adjudication and determination of the respective proportions or percentages of fault, if any, on this Answering Defendant's part, and on the part of the Plaintiff and other parties to this action and third persons not parties thereto, pursuant to the doctrines of comparative negligence.

**FOURTH DEFENSE:**
**(Mitigation)**

44. Defendant is informed and believes, and upon such information and belief alleges, that at all times mentioned herein, Plaintiff and each of its successors and predecessors in interest failed to use reasonable care to reduce, mitigate and minimize as much as reasonably possible, its alleged damages, if any, and that said failure was the direct and proximate cause of any and all damages, if any, sustained by Plaintiff.

**FIFTH DEFENSE:**
**(Acts of God)**

45. Defendant is informed and believes and upon such information and belief alleges that the injuries and damages alleged by Plaintiff herein were caused by acts of God, which could not have reasonably been anticipated by this Answering Defendant.

**SIXTH DEFENSE:**
**(Failure to Mitigate)**

46. Defendant is informed and believes, and upon such information and belief alleges, that Plaintiff has failed to make reasonable efforts to mitigate, minimize and avoid its damages, if any, as required by law and Defendant is therefore entitled to have any sum to which Plaintiff is allegedly entitled, reduced by the amount of damages attributable to the failure of Plaintiff to make reasonable efforts to mitigate, minimize and avoid said damages.

**SEVENTH DEFENSE:**
**(No Causal Connection)**

47. Defendant alleges that there was no causal connection between any action or omission by or on behalf of this Answering Defendant in any and all portions of the damages of which Plaintiff complains.

**EIGHTH DEFENSE:**
**(Intervening and Superseding Actions)**

48. Defendant alleges that the injuries and damages sustained and claimed by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against this Answering Defendant.

**NINTH DEFENSE:**
**(Improper Venue)**

49. This Answering Defendant is informed and believes, and based thereon alleges, that the within action was filed and commenced in an improper venue, pursuant to 28 U.S.C. Sections 1391(b) and (c). Therefore, the within action should be dismissed or, in the alternative, transferred to the U.S. District Court, Central District of California, pursuant to 28 U.S.C. Section 1406 and 28

U.S.C. Section 1404.

**TENTH DEFENSE:**
**(Forum Non-Conveniens)**

50.     This Answering Defendant is informed and believes, and based thereon alleges, that the within Court is a Forum Non-Conveniens, in that the evidence, parties, witnesses, and the facts and circumstances which surrounded the alleged incident, which is the subject of the Plaintiff's action occurred and/or are located in the State of California. This Answering Defendant is further informed and believes, and based thereon alleges, that on or about January 16, 2007, Defendant entered into a written lease agreement with Defendant, Wallenius Wilhelmsen Logistics Americas, LLC and/or Wallenius Wilhelmsen Logistics, Inc. for the lease of a crane and furnished operator in connection with the off-loading of the alleged shipment. Said agreement was made and performed solely in the State of California, County of Ventura. Therefore, the U.S. District Court, Central District of California, is the most convenient and proper forum for the adjudication of the within action. The within action should be thus transferred by this Court to the U.S. District Court, Central District, for the State of California, pursuant to 28 U.S.C. Section 1404(a).

**ELEVENTH DEFENSE:**
**(Lack of Personal Jurisdiction)**

51.     This Answering Defendant is informed and believes, and based thereon alleges, that it has had no contacts, whether "minimum" or otherwise, with the Forum State where the action was commenced, and that the facts and circumstances and incident which is the subject of the Plaintiff's lawsuit all occurred within the County of Ventura, State of California. This Answering Defendant's principal place of business is located in the County of Ventura, State of California. Therefore, the within Court lacks personal jurisdiction over this Answering Defendant with respect to the within

action.

      **WHEREFORE,** Defendant prays as follows:

      1.    That Plaintiff take nothing by reason of its Complaint, that judgment be rendered in favor of Defendant;

      2.    That Defendant be awarded its costs of suit and reasonable attorney's fees incurred in defense of this action; and

      3.    For such other relief as the Court deems just and proper.

Dated: Mineola, New York
       February 14, 2008

                        Yours, etc.,

                        **KRAL, CLERKIN, REDMOND, RYAN,**
                        **PERRY & GIRVAN, LLP**

                        By: _____
                            THADDEUS J. ROZANSKI, ESQ. (8338)
                        Attorneys for Defendant,
                        OST TRUCKS AND CRANES, INC.
                        69 East Jericho Turnpike
                        Mineola, New York 11501
                        (516) 742-3470

TO:    COZEN O'CONNOR
        David Y. Loh, Esq. (DL 0460)
        Attorneys for plaintiff
        45 Broadway Atrium, 16th Floor
        New York, New York 10006-3792
        (212) 509-9400

        WALLENIUS WILHELMSEN LOGISTICS AS
        Box 33
        N-1324
        Lysaker, Norway

WALLENIUS WILHELMSEN LOGISTICS, INC.
P.O. Box 1232
Woodcliff Lake, New Jersey 07677

WALLENIUS WILHELMSEN AMERICAS, LLC
1066 Doremus Avenue
Building 326
Port Newark, New Jersey 07114

PACIFIC RO RO STEVEDORING, INC.
North Terminal, Berth 5
Port Heuneme Road
Port Hueneme, California 93044

PACIFIC RO RO STEVEDORING, LLC
North Terminal, Berth 5
Port Heuneme Road
Port Hueneme, California 93044

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X--

ST. PAUL TRAVELERS INSURANCE         08 Civ. 00410 (JGK)
COMPANY, LTD.,

                          Plaintiff,         AFFIDAVIT OF

      -against-         SERVICE BY MAIL

M/V MADAME BUTTERFLY, ET AL,

                         Defendants.
------------------------------------------------------------X--

STATE OF NEW YORK    )
COUNTY OF NASSAU    ) : ss.

      VIRGINIA JOHNSON, being duly sworn deposes and says: Deponent is not a party to the action, is over Eighteen (18) years of age and resides in Nassau County, New York.

      On February 14, 2008, deponent served a true copy of the annexed, DEFENDANT, OST TRUCKS AND CRANES, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT and RULE 7.1 STATEMENT, upon the attorneys and parties listed below by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

COZEN O'CONNOR, David Y. Loh, Esq. (DL 0460)
Attorneys for plaintiff
45 Broadway Atrium, 16th Floor
New York, New York 10006-3792

WALLENIUS WILHELMSEN LOGISTICS AS
Box 33
N-1324
Lysaker, Norway

WALLENIUS WILHELMSEN LOGISTICS, INC.
P.O. Box 1232,
Woodcliff Lake, New Jersey 07677

WALLENIUS WILHELMSEN AMERICAS, LLC
1066 Doremus Avenue, Building 326
Port Newark, New Jersey 07114

PACIFIC RO RO STEVEDORING, INC.
North Terminal, Berth 5, Port Hueneme Road
Port Hueneme, California 93044

PACIFIC RO RO STEVEDORING, LLC
North Terminal, Berth 5, Port Hueneme Road
Port Hueneme, California 93044

                                                          _____
                                                           VIRGINIA JOHNSON

Sworn to before me this
14th day of February, 2008

_____
NOTARY PUBLIC

                          ELIZABETH PENAGOS
               Notary Public, State of New York
                     No. 01PE3051168
                Qualified in Nassau County
            Commission Expires Oct. 30, 2009

Index No.                                Year 20
          08 Civ. 00410 (JGK)

UNITED STATES DISTRICT COURT : SOUTHERN DISTRICT OF NEW YORK

ST. PAUL TRAVELERS INSURANCE COMPANY, LTD.,
                                                          Plaintiff,
          -against-

M/V MADAME BUTTERFLY, her engines, tackle, machinery, etc., in rem; WALLENIUS WILHELMSEN LOGISTICS AS; WALLENIUS WILHELMSEN LOGISTICS , INC.; WALLENIUS WILHELMSEN LOGISTICS AMERICAS LLC; OST TRUCKS AND CRANES, INC.; PACIFIC RO RO STEVEDORING, INC.; PACIFIC RO RO STEVEDORING, LLC; and PARSIFAL SHIPPING LTD in personam,
                                                          Defendants.

**DEFENDANT, OST TRUCKS AND CRANES, INC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT and RULE 7.1 STATEMENT**

                    **KRAL, CLERKIN, REDMOND, RYAN**
                           **PERRY & GIRVAN, LLP**
*Attorneys for*     Defendant, OST TRUCKS AND CRANES, INC.

                           69 EAST JERICHO TURNPIKE
                            MINEOLA, NEW YORK 11501
                                 (516) 742-3470

§2103 (b) (5) Notice: Service of Papers by Electronic Means is Not Accepted

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: February 14, 2008          Signature ..............................................
                                  Print Signer's Name  THADDEUS J. ROZANSKI (8338)

*Service of a copy of the within*                                    *is hereby admitted.*
Dated:

                              *Attorney(s) for*

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY     that the within is a (certified) true copy of a
                      entered in the office of the clerk of the within-named Court on         20

☐ NOTICE OF SETTLEMENT    that an Order of which the within is a true copy will be presented for settlement to the Hon.                                , one of the judges of the within-named Court, at
on               20      , at              M.

Dated:

                                              **KRAL, CLERKIN, REDMOND, RYAN**
                                                    **PERRY & GIRVAN, LLP**
                              *Attorneys for*

To:                                              69 EAST JERICHO TURNPIKE
                                                  MINEOLA, NEW YORK 11501