Thaddeus J. Rozanski, Esq.  (8338)
KRAL, CLERKIN, REDMOND,
RYAN, PERRY & GIRVAN, LLP
69 E. Jericho Turnpike
Mineola, N.Y. 11501
Tel: (516) 742-3470
Fax:(516) 742-6243
Attorneys for Cross-Claimant,
OST TRUCKS AND CRANES, INC., a California Corporation

Gary S. Gray
Matthew S. Shorr
Ronald H. Mandel (RM - 3899)
GRAY · DUFFY, LLP
15760 Ventura Boulevard, 16th Floor
Encino, California  91436
Phone (818) 907-4000
Co-Counsel for Cross-Claimant,
OST TRUCKS AND CRANES, INC., a California Corporation

UNITED  STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ST. PAUL TRAVELERS INSURANCE COMPANY. LTD.,<br><br>                    Plaintiff,<br><br>   v.<br><br>M/V MADAME BUTTERFLY, her engines, tackle, machinery, etc., in rem; WALLENIUS WILHELMSEN LOGISTICS AS;  WALLENIUS  WILHELMSEN LOGISTICS , INC.; WALLENIUS WILHELMSEN LOGISTICS AMERICAS LLC; OST TRUCKS AND CRANES, INC.; PACIFIC RO RO STEVEDORING, INC.; PACIFIC RO RO STEVEDORING, LLC; and PARSIFAL SHIPPING LTD in personam,<br><br>                  Defendants. | No.  08 Civ.  00410 (JGK)<br>(ECF)<br>**CROSS-CLAIM BY**<br>**OST TRUCKS AND CRANES, INC.**<br><br>(1) DECLARATORY RELIEF;<br>(2) CONTRIBUTION AND APPORTIONMENT OF FAULT;<br>(3) PARTIAL EQUITABLE INDEMNITY;<br>(4) IMPLIED EQUITABLE INDEMNITY;<br>(5) TOTAL EQUITABLE INDEMNITY;<br>(6) BREACH OF CONTRACT - EXPRESS CONTRACTUAL INDEMNITY; AND<br>(7) BREACH OF CONTRACT - FAILURE TO OBTAIN INSURANCE |

1

OST TRUCKS AND CRANES, INC.,
a California Corporation,

                Cross-Claimant,

    v.

WALLENIUS WILHEMSEN LOGISTICS , INC.;
WALLENIUS    WILHEMSEN    LOGISTICS
AMERICAS    LLC;       PACIFIC    RO    RO
STEVEDORING,  INC.;  PACIFIC  RO  RO
STEVEDORING, LLC;

                Cross-Defendants.

       Cross-Claimant, OST TRUCKS AND CRANES, INC., a California corporation ("Cross-Claimant"), for its causes of action against the above-named Cross-Defendants, and each of them, cross-complains and alleges as follows:

## PARTIES

       1.     At all pertinent times, Cross-Claimant was, and is, a corporation organized and existing under the laws of the State of California, with its principal place of business in the City of Ventura, County of Ventura, California.

       2.     On information and belief, Cross-Defendant, WALLENIUS WILHELMSEN LOGISTICS, INC. is now and at all times herein material, was a Norwegian corporation engaged in business throughout the 50 United States, as, among other things, a common carrier of goods for haul between, among other things, foreign and U.S. ports and/or a vessel operator and/or a vessel traveler.

       3.     On information and belief, Cross-Defendant, WALLENIUS WILHELMSEN AMERICAS, LLC, is now and at all times herein material, was a corporation engaged in business

throughout the 50 United States, as, among other things, is a common carrier of goods for haul

between, among others, foreign and U.S. ports and/or vessel operator and/or a vessel traveler.  All

WALLENIUS Cross-Defendants shall be hereinafter collectively referred to as "WALLENIUS."

4.       On information and belief, Cross-Defendant, PACIFIC RO RO STEVEDORING,

INC., is now and at all times herein material, was a California corporation engaged in business as,

among other things, a Stevedore operating in the Port of Hueneme, County of Ventura, State of

California.

5.       Upon information and belief, Cross-Defendant, PACIFIC RO RO STEVEDORING,

LLC, is now and at all times herein material, was a California corporation engaged in business as,

among other things, a Stevedore operating in the Port of Hueneme, County of Ventura, State of

California.  Both PACIFIC RO RO Cross-Defendants shall hereinafter be collectively referred to as

"PACIFIC RO RO."

JURISDICTION

6.       This Court has supplemental jurisdiction over this matter, pursuant to 28 U.S.C.

Section 1367, since the underlying action and Cross-Claim are such that they form part of the same

case in controversy, and the matter in controversy exceeds the sum of $75,000, exclusive of interest

and costs.

NATURE OF THE CLAIM

7.       This is an action for Declaratory Judgment, Implied Equitable Indemnity, and Breach

of Express Contractual Indemnity, due to Cross-Defendants' failure to defend and/or indemnify and

provide insurance coverage to Cross-Claimant, OST, pursuant to a written agreement(s) and pre-

existing and subsequent course of dealing between Cross-Claimant, OST and WALLENIUS for

3

work performed by Cross-Claimant, OST, at the Port of Hueneme, County of Ventura, State of California, on or about January 16, 2007. A factual controversy exists regarding the issue of whether Cross-Claimant, OST, is entitled to a defense and/or indemnity, and damages for failing to insure Cross-Claimant, OST, within the meaning of the indemnity and insurance provisions contained in the Lease Agreement/Work Authorization entered into between WALLENIUS and Cross-Claimant, OST, relative to the off-loading of a 72-foot Sunseeker Yacht at the Port of Hueneme, County of Ventura, State of California on or about January 16, 2007, which is the subject of the underlying action.

FIRST CAUSE OF ACTION
(For Declaratory Relief)
(Against All Cross-Defendants)

8.       That on or about January 16, 2008, Plaintiff, ST. PAUL TRAVELERS INSURANCE COMPANY, LTD., a London registered insurer, filed a Complaint for damages in the U.S. District Court, Southern District of New York, and designated as Case Number 08 CV 00410, (hereinafter the "main action"). In the Complaint, Plaintiff alleges, among other things, that Plaintiff suffered general and special damages attributable to the wrongful acts of the Defendants named therein. The Cross-Claim incorporates by reference herein, the entire contents of Plaintiff's Complaint, as though fully set forth herein at length, without admitting the truth of any of its allegations.

9.       Cross-Claimant is informed and believes, and thereon alleges, that Cross-Defendants are legally responsible for the damages and injuries alleged in Plaintiff's Complaint, and that Cross-Defendants performed various negligent and wrongful acts relating to the matters, transactions and incidents alleged in Plaintiff's Complaint.

10.      If, upon trial of this matter, Cross-Claimant is held legally responsible for the injuries

4

and damages alleged in Plaintiff's Complaint, Cross-Claimant will have been damaged as a proximate result of the acts and omissions of Cross-Defendants as hereinbefore alleged in an amount equal to the total sums awarded to the Plaintiff pursuant to judgment.

11.     If, upon trial of this matter, it is found that Cross-Claimant was in some manner legally responsible for the injuries and damages alleged by Plaintiff, if any, which supposition is not admitted, but merely stated for the purpose of pleading this cause of action, then any such injuries or damages found to have been incurred by Plaintiff in this action, were directly and proximately caused or contributed to by the other Defendants and Cross-Defendants in this action, whether served or not served, and it is necessary that the proportionate degree of negligence and/or fault of each of the other Defendants and Cross-Defendants be determined so that Cross-Claimant will not be required to pay more than its proportionate share of any judgment according to that degree of negligence and/or fault attributable to Cross-Claimant; and Cross-Claimant should be entitled to equitable, partial and/or total indemnification from said Defendants and Cross-Defendants in an amount consistent with its degree and percentage of negligence and/or fault.

12.     That an actual controversy has arisen and now exists between Cross-Claimant and Cross-Defendants regarding their respective rights, duties and obligations, and Cross-Claimant contends it is entitled to partial and/or total indemnification from the Cross-Defendants, who Cross-Claimant is informed and believes deny any such duty to indemnify.

SECOND CAUSE OF ACTION
(For Contribution and Apportionment)
(Against All Cross-Defendants)

13.     That Cross-Claimant, refers to Paragraphs 1 through 12 of its First Cause of Action and incorporate the same herein by reference as though fully set forth at length.

5

14.    Cross-Claimant contends that the damages, if any, sustained by Plaintiff were caused in whole or in part by other Cross-Defendants, and as such seek contribution and apportionment from all Cross-Defendants based upon the percentage of negligence or fault attributable to each of them.

### THIRD CAUSE OF ACTION
(For Partial Equitable Indemnity)
(Against All Cross-Defendants)

15.    That Cross-Claimant refers to Paragraphs 1 through 14 of its First and Second Causes of Action and incorporate the same herein by reference as though fully set forth at length.

16.    If, upon trial of this matter, it is found that Cross-Claimant was in some manner legally responsible for the injuries and damages claimed by Plaintiff, if any, which supposition is not admitted but merely stated for the purpose of pleading this cause of action, then any such injuries or damages were caused solely by the primary and active acts of Cross-Defendants, and not be reason of any affirmative conduct on the part of Cross-Claimant. If Cross-Claimant is held liable for the damages claimed by Plaintiff, or any portion thereof, such liability will be based solely on the responsibility imposed by law on Cross-Claimant and not the actual fault on the part of the Cross-Claimant.

17.    As a proximate result of the actions and the inactions of the Cross-Defendants as heretofore alleged, Cross-Claimant is entitled to indemnity for any and all attorney's fees, court costs, settlements, judgments, and any and all liability arising out of, or in any way in connection with defense of the main action.

### FOURTH CAUSE OF ACTION
(For Implied Equitable Indemnity)
(Against All Cross-Defendants)

18.    That Cross-Claimant refers to Paragraphs 1 through 17 of its First, Second and Third

Causes of Action and incorporate the same herein by reference as though fully set forth at length.

19.    If the allegations of Plaintiff's Complaint are true in any respect, and if the Plaintiff suffered or sustained, or will suffer or sustain, any loss, damage or detriment as alleged, which allegations are generally and specifically denied by this Cross-Claimant, the Cross-Claimant alleges, upon information and belief, that Plaintiff's loss, damage and/or detriment was directly and proximately caused by the primary and active acts of Cross-Defendants, and each of them, and not as a result of any act or omission on the part of this Cross-Claimant.

20.    Cross-Claimant denies liability on its part, but if the allegations of Plaintiff's Complaint are true in any respect, and Cross-Claimant is found to have been legally responsible, its conduct was of a secondary and passive nature, while the legally responsible conduct or omissions of Cross-Defendants, and each of them, was primary and active, all of which proximately caused the loss, damage, harm and detriment allegedly sustained by the Plaintiff.

21.    By reason of the foregoing, Cross-Claimant seeks and is entitled to be indemnified and held harmless by Cross-Defendants, and each of them, from any liability and for any and all costs incurred in defending this action, for incurred expert witness fees, attorneys' fees, expenses of litigation, and any sums paid by way of settlement, investigation and handling of the within litigation, in a sum according to proof.

FIFTH CAUSE OF ACTION
(For Total Equitable Indemnity)
(Against All Cross-Defendants)

22.    That Cross-Claimant refers to Paragraphs 1 through 21 of its First, Second, Third and Fourth Causes of Action and incorporates the same herein by reference as though fully set forth at length.

7

23.    Cross-Claimant denies any liability for any loss, injury, damage or detriment alleged by Plaintiff. However, in the event Cross-Claimant is held responsible for the injuries or damages alleged in Plaintiff's Complaint, any wrongdoing of Cross-Claimant was passive in nature only, and the sole act of wrongful conduct resulting in Plaintiff's injuries and damages was that of Cross-Defendants, and each of them.

24.    If Plaintiff sustained damages, as alleged in the Complaint, such damages were caused entirely by the Cross-Defendants, and each of them, and to the extent, if any, Plaintiff recover damages, judgment or other awards against Cross-Claimant:

(a)    Cross-Claimant did not actively or affirmatively participate in any of the wrongs claimed in the Complaint;

(b)    The wrongs claimed in the Complaint are based upon a legal relation, created by the act of an affirmative misfeasance and breach of statutory, common law, and other duties owed by Cross-Defendants to Plaintiff;

(c)    Any liability imputed to Cross-Claimant is secondary, and arises solely as a result of the constructive, imputed or passive basis of liability; and

(d)    Any damages suffered by Plaintiff, and awarded to Plaintiff and against Cross-Claimant were caused primarily and ultimately by Cross-Defendants' breach of statutory, common law, and other duties owed by the Plaintiff's, and by such Cross-Defendants' active misfeasance.

25.    By reason of the foregoing, equity and good conscience requires that the right of total indemnification in favor of Cross-Claimant, and against Cross-Defendants and each of them be implied, in the amount recovered by Plaintiff from Cross-Claimant on Plaintiff's Complaint, if any,

8

plus attorney's fees and costs.

SIXTH CAUSE OF ACTION
(Breach of Contract - Express Contractual Indemnity)
(Against Cross-Defendants Wallenius Wilhelmsen Logistics, Inc.;
Wallenius Wilhelmsen Logistics Americas LLC)

26.    Paragraphs 1 through 25, inclusive, of Cross-Claimant's First, Second, Third, Fourth, and Fifth Causes of action are incorporated herein by reference as if set forth in full.

27.    On or about January 16, 2007, Cross-Claimant entered into a written agreement with Cross-Defendants, Wallenius Wilhelmsen, for the furnishing of certain equipment and operating personnel, a true and correct copy of which is attached hereto and marked as Exhibit "A" and incorporated herein by reference at though set forth at length. A course of dealing existed prior and subsequent to the alleged incident in the main action, in which Wallenius Wilhelmsen retained Cross-Claimant to furnish a crane and operator pursuant to certain Standard Terms and Conditions contained on the reverse side of Cross-Claimant's Lease Agreement/Work Authorization, true and correct copies of which are attached hereto and marked as Exhibit "B."

28.    Pursuant to the Agreement with Cross-Defendant, Wallenius Wilhelmsen, Wallenius Wilhelmsen, agreed:

> "To the fullest extent permitted by law, Lessee shall indemnify, defend (at Lessee's sole cost and expense and with legal counsel approved by Lessor, which approval shall not be unreasonably withheld) protect and hold harmless Lessor and all Lessor's agents, employees, officers and directors, from and against any and all claims (including, without limitation, claims for bodily injury, death or damages to property) demands, obligations, damages, actions, causes of action, suits, losses, judgments, fines, penalties, liabilities, costs and expenses (including, without limitation, attorneys' fees, costs and expenses, disbursements and court costs, and all other professional, expert or consultants fees and costs and Lessor's general and administrative expenses) which may arise from or in any manner relate (directly or indirectly) to the operations, use, maintenance,

9

direction and/or control of the equipment and if applicable, all persons operating such equipment, including persons supplied by Lessor to operate, direct or otherwise work with the equipment or arising from/or in connection with the performance of this agreement regardless of any active or passive negligence of an indemnified party. Lessor understands and acknowledges that the indemnification obligation herein is intended to constitute a "Type 1" indemnity under California law, and extends to and includes claims arising from the active or passive negligence of indemnified parties and that this written agreement is intended to satisfy the requirements of Labor Code Section 3864. Nothing herein shall be construed to require Lessee to indemnify the indemnified parties from any Claim arising from the sole negligence or willful misconduct of Lessor. The duty to defend is wholly independent of and separate from the duty to indemnify and such duty to defend exists regardless of any ultimate liability of Lessor. Such defense obligation shall arise immediately upon presentation of a written claim by Lessor being provided to Lessee."

29.    On or about July 13, 2007, Cross-Claimant tendered the underlying claim of Plaintiff to Wallenius Wilhelmsen for defense and indemnity, pursuant to the written Agreement between Cross-Claimant and Cross-Defendant Wallenius Wilhelmsen. Cross-Claimant therein demanded, and continues to demand, that Cross-Defendant, Wallenius Wilhelmsen indemnify and hold Cross-Claimant harmless as a result of the claims alleged in Plaintiff's underlying Complaint and pursuant to the terms of the Agreement. Cross-Claimant is informed and believes, and based thereon alleges, that Cross-Defendant, Wallenius Wilhelmsen has failed and refused to defend or indemnify Cross-Claimant, pursuant to the terms of the Agreement, and Cross-Defendant Wallenius Wilhelmsen has breached the Agreement with Cross-Claimant.

30.    Cross-Claimant has performed all conditions, covenants and promises under the Agreement to be performed on its part.

31.    As a direct, proximate and foreseeable result of the breaches of Cross-Defendant Wallenius Wilhelmsen, Cross-Claimant has incurred, and continues to incur, attorney's fees, court

costs, and expenses in connection with the defense of the underlying action by Plaintiff, as well as

this cross action, and may in the future be compelled to incur additional liability, expenses and fees

by reason of settlement, judgment, or Cross-Defendant's failure to indemnify and hold Cross-

Claimant harmless and to be indemnified by Cross-Defendant Wallenius Wilhelmsen, for its costs,

attorney's fees and expenses,  according to proof at time of trial.

SEVENTH CAUSE OF ACTION
(Breach of Contract - Failure to Provide Insurance)
(Against Cross-Defendant Wallenius Wilhelmsen)

32.    Paragraphs 1 through 31, inclusive, of Cross-Claimant's First, Second, Third, Fourth,

Fifth, and Sixth Causes of action are incorporated herein by reference as if set forth in full.

33.    Pursuant to the above-referenced Agreement between Cross-Claimant and Cross-

Defendant  Wallenius Wilhelmsen, Cross-Defendant further agreed to:

> "Lessee shall at all times carry insurance in respect of premises upon
> which Lessor is directed to work, where Lessor's equipment or
> operating personnel are located, the work that Lessor is directed to
> carry out, and the operations of Lessee and Lessor. Such insurance
> shall include public liability and property damage insurance and
> automotive public liability and property damage insurance including
> liability coverage for (a) all operations, (b) contract and subcontract
> work, (c) contractual obligations including the obligations of Lessee
> under this Agreement, (d) product liability and completed operations,
> (e) owned and non-owned vehicles. Such insurance shall be carried
> by Lessee for the benefit of Lessor and such insurance shall name
> Lessee as additional insured. The insurance required hereby shall be
> primary insurance as respects all insureds, and insurance carried by
> Lessor shall be excess to the insurance required hereby. Lessor shall
> be afforded coverage to the full limits of the policies carried by
> Lessee which amount shall not be less than One Million Dollars
> ($1,000,000.00) combined single limit. Lessor and Lessee agree it is
> the intent of this Agreement to secure the benefit and protection of
> California Labor Code Section 3602(d) for themselves and for all
> employees (furnished operating personnel) provided by Lessor to
> Lessee under this Agreement."

11

34.    Cross-Claimant has performed all conditions, covenants and promises under the Agreement to be performed on its part.

35.    Without prejudice or peril to Cross-Claimant's denial of the allegations of Plaintiff's Complaint, Cross-Claimant alleges that Cross-Defendant Wallenius Wilhelmsen had an express duty and obligation under the Agreement with Cross-Claimant to obtain insurance coverage and name Cross-Claimant as an Additional Insured for the damages or injuries alleged by Plaintiff in the underlying Complaint.  Cross-Claimant is informed and believes, and based thereon alleges, that Cross-Defendant Wallenius Wilhelmsen failed to obtain the required insurance and/or name Cross-Claimant as an Additional Insured of said insurance policies, and have thereby breached the Agreement with Cross-Claimant.

36.    As a direct, proximate and foreseeable result of Cross-Defendant Wallenius Wilhelmsen's breach of the Agreement with Cross-Claimant, Cross-Claimant has been compelled to incur attorney's fees, court costs, and expenses in connection with the defense of the underlying action filed by plaintiff, as well as the commencement of the within cross-action, and may in the future be compelled to incur additional liability, damages, expenses and attorney's fees and costs by reason of settlement or judgment.  Cross-Claimant is entitled to reimbursement for all of said liability, damages, expenses, attorney's fees and costs, in amount according to proof at time of trial.

WHEREFORE, Cross-Claimant prays for judgment against Cross-Defendants, and each of them, as follows:

1.    On the First Cause of Action, for a declaration that Cross-Defendants have a duty and obligation to indemnify and hold harmless Cross-Claimant from any judgment in the main action;

2.    On the First Cause of Action, for a declaration of the relative fault of each of those who contributed to Plaintiff's alleged injuries, if any, so that the fault of the parties be compared pursuant to the rules of comparative fault, with the liability for damages borne by those whose fault caused it, in direct proportion to their respective fault;

3.    On the Second, Third, Fourth and Fifth Causes of Action, that Cross-Defendants make total or partial indemnification as to any judgment rendered in favor of Plaintiff herein, in an amount consistent with the degree of fault attributable to Cross-Defendants;

4.    On the Sixth Cause of Action, for express contractual indemnity, according to proof, against Cross-Defendants;

5.    On the Seventh Cause of Action, for consequential damages, according to proof, against Cross-Defendants;

6.    On all causes of action, for a declaration in the amount for which Cross-Defendants are obligated to indemnify Cross-Claimant if Cross-Claimant is compelled to pay any sum as a result of any damages, judgment or other awards recovered by Plaintiff against Cross-Claimant, and for a declaration and award of such other amounts Cross-Defendants are obligated to pay Cross-Claimant as general and special damages;

7.    On all causes of action, for attorney's fees according to proof;

8.    On all causes of action, for costs of suit incurred herein; and

9.    For such other and further relief as the Court deems just and proper.


Dated: Mineola, New York
February 14, 2008

Yours, etc.,

KRAL, CLERKIN, REDMOND, RYAN,
PERRY & GIRVAN, LLP

By: _____
       THADDEUS J. ROZANSKI, ESQ. (8338)
Attorneys for Cross-Claimant,
OST TRUCKS AND CRANES, INC.
69 East Jericho Turnpike
Mineola, New York  11501
(516) 742-3470


TO:    COZEN O'CONNOR
        David Y. Loh, Esq. (DL 0460)
        Attorneys for plaintiff
        45 Broadway Atrium, 16th Floor
        New York, New York  10006-3792
        (212) 509-9400


        WALLENIUS WILHELMSEN LOGISTICS AS
        Box 33
        N-1324
        Lysaker, Norway


        WALLENIUS WILHELMSEN LOGISTICS, INC.
        P.O. Box 1232
        Woodcliff Lake, New Jersey 07677

14

WALLENIUS WILHELMSEN AMERICAS, LLC
1066 Doremus Avenue
Building 326
Port Newark, New Jersey 07114


PACIFIC RO RO STEVEDORING, INC.
North Terminal, Berth 5
Port Heuneme Road
Port Hueneme, California 93044


PACIFIC RO RO STEVEDORING, LLC
North Terminal, Berth 5
Port Heuneme Road
Port Hueneme, California 93044

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ST. PAUL TRAVELERS INSURANCE                                    08 Civ. 00410 (JGK)
COMPANY, LTD.,

                                  Plaintiff,                      AFFIDAVIT OF
                                                    SERVICE BY MAIL
      -against-

M/V MADAME BUTTERFLY, ET AL,

                                    Defendants.
-------------------------------------------------------------X

STATE OF NEW YORK     )
COUNTY OF NASSAU     ) : ss.

       VIRGINIA JOHNSON, being duly sworn deposes and says: Deponent is not a party to the action,
is over Eighteen (18) years of age and resides in Nassau County, New York.

       On February 14, 2008, deponent served a true copy of the annexed, CROSS-CLAIM BY OST
TRUCKS AND CRANES, INC., upon the attorneys and parties listed below by mailing the same in a sealed
envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service
within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

COZEN O'CONNOR, David Y. Loh, Esq. (DL 0460)
Attorneys for plaintiff
45 Broadway Atrium, 16th Floor
New York, New York 10006-3792

WALLENIUS WILHELMSEN LOGISTICS AS
Box 33
N-1324
Lysaker, Norway

WALLENIUS WILHELMSEN LOGISTICS, INC.
P.O. Box 1232,
Woodcliff Lake, New Jersey 07677

WALLENIUS WILHELMSEN AMERICAS, LLC
1066 Doremus Avenue, Building 326
Port Newark, New Jersey 07114

PACIFIC RO RO STEVEDORING, INC.
North Terminal, Berth 5, Port Heuneme Road
Port Hueneme, California 93044

PACIFIC RO RO STEVEDORING, LLC
North Terminal, Berth 5, Port Heuneme Road
Port Hueneme, California 93044

                                                         VIRGINIA JOHNSON

Sworn to before me this
14th day of February, 2008

NOTARY PUBLIC

ELIZABETH PENAGOS
Notary Public, State of New York
No. 01PE5051168
Qualified in Nassau County
Commission Expires Oct. 30, 2009

*Index No.* _____ *Year 20* ____
    08 Civ.  00410 (JGK)

UNITED  STATES DISTRICT COURT :  SOUTHERN DISTRICT OF NEW YORK

ST. PAUL TRAVELERS INSURANCE COMPANY, LTD.,

                                       Plaintiff,

   -against-

M/V MADAME BUTTERFLY, her engines, tackle, machinery, etc., in rem; WALLENIUS WILHELMSEN LOGISTICS AS; WALLENIUS WILHELMSEN LOGISTICS , INC.; WALLENIUS WILHELMSEN LOGISTICS AMERICAS LLC;   OST TRUCKS AND CRANES, INC.; PACIFIC RO RO STEVEDORING, INC.; PACIFIC RO RO STEVEDORING, LLC; and PARSIFAL SHIPPING LTD in personam,

                                   Defendants.

## CROSS-CLAIM BY OST TRUCKS AND CRANES, INC.

### KRAL, CLERKIN, REDMOND, RYAN PERRY & GIRVAN, LLP

*Attorneys for*      Defendant, OST TRUCKS AND CRANES, INC.

69 EAST JERICHO TURNPIKE

MINEOLA, NEW YORK 11501

(516) 742-3470

§2103 (b) (5) Notice: Service of Papers by Electronic Means is Not Accepted

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ....February 14, 2008      Signature ...........................

                                  Print Signer's Name........   THADDEUS J. ROZANSKI (8338)

*Service of a copy of the within*                               *is hereby admitted.*

*Dated:*

                                *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐   that the within is a (certified) true copy of a                 20
**NOTICE OF**   entered in the office of the clerk of the within-named Court on
**ENTRY**

☐   that an Order of which the within is a true copy will be presented for settlement to the
**NOTICE OF**   Hon. _____ , one of the judges of the within-named Court,
**SETTLEMENT**   at
           on                20     , at         M.

*Check Applicable Box*

*Dated:*

                              **KRAL, CLERKIN, REDMOND, RYAN PERRY & GIRVAN, LLP**

                        *Attorneys for*

*To:*                                   69 EAST JERICHO TURNPIKE

                                  MINEOLA, NEW YORK 11501

TRUCKS AND CRANES, INC.
Box 237
ra, CA 93002-9957

**OST**
TRUCKS AND CRANES, INC.
VENTURA, CA
SINCE 1947

INVOICE #

PHONE: (805) 643-9963 • FAX: (805) 643-7618
E-MAIL: OSTCRANES@west.net
www.ostcranes.com

1/15/2007    Monday

JOB #    57694D    -    33049

RGE
Wallenius Wilhelmsen Logistics Americas, LL
279 Hueneme Road
Port Hueneme, CA 93039

P.O. #:

SITE/
UP:
Dockside
Dock 2
Port Hueneme , CA

DELIVER TO: Dockside
Dock 2
Port Hueneme , CA

**ORK PERFORMED:**

urnish 300 ton conventional crane with 170 ft of boom to offload Yachts from top of ship.

Listed work / items received by:

**B INFORMATION:**

rdered By: **Arman**
Phone: **(805) 488-4000 EXT**
Job Time: **07:00 AM    05:00 PM**
omments    **11:00 AM**

Date Taken: **1/12/2007**
Time Taken: **09:54 AM**
Taken By: **Burke, Tom**

| | START/FROM | TO |
|---|---|---|
| Travel: | | AM PM |
| Load/Assemble: | | AM PM |
| Travel/Work: | | AM PM |
| Unload/ Disassemble: | | AM PM |
| Travel: | | AM PM |
| Stand By: | | AM PM |
| Total Hours: | | |
| Deductions: | | |
| Net Hours: | | |

97    300 Ton Crane
ipment    Tractor
             Tractor

Employees
   Farley, Stephen
   Helton, William Leon

| ITEM | HRS/WT | RATE | AMOUNT |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Lease Agreement / Terms & Conditions**
**On Back Agreed To:**
Must be signed PRIOR to job commencement
Lessee: _____
Print Name: _____
Company: _____
Lessor:    *L. Dennis Zermeno*
             L. Dennis Zermeno
   **OST Trucks and Cranes, Inc.**

01/24/2007 WED 15:58  [TX/RX NO 9632]  ☑002

# TERMS AND CONDITIONS

The Lessor hereby leases the equipment described on the reverse side and furnishes operational personnel to the Lessee heretofore named subject to the following terms and conditions.

1.  **NO OTHER AGREEMENT:** Except as otherwise mutually agreed in writing, this document is the complete agreement of the parties and supersedes all other agreements or understandings, written or oral.

2.  **INDEMNIFICATION:** To the fullest extent permitted by law, Lessee shall indemnify, defend (at Lessee's sole cost and expense and with legal counsel approved by Lessor, which approval shall not be unreasonably withheld), protect and hold harmless Lessor and all Lessors, agents, employees, officers and directors, from and against any and all claims (including, without limitation, claims for bodily injury, death or damage to property), demands, obligations, damages, actions, causes of action, suits, losses, judgments, fines, penalties, liabilities, costs and expenses (including, without limitation, attorney's fees, costs and expenses (including without limitation, attorney's fees, disbursements and court costs, and all other professional, expert or consultant's fees and costs and Lessor's general and administrative expenses) which may arise from or in any manner relate (directly or indirectly) to the operations, use, maintenance, direction and/or control of the equipment and if applicable, all persons operating such equipment, including persons supplied by Lessor to operate, direct or otherwise work with the equipment or arising from/or in connection with the performance of this agreement regardless of any active or passive negligence of an Indemnified Party. Lessor understands and acknowledges that the indemnification obligation hereunder is intended to constitute a "Type I" indemnity under California law and extends to and includes Claims arising from the active or passive negligence of Indemnified Parties and that this written agreement is intended to satisfy the requirements of Labor Code Section 3864. Nothing herein shall be construed to require Lessee to indemnify the Indemnified Parties from any Claim arising from the sole negligence or willful misconduct of Lessor. The duty to defend is wholly independent of and separate from the duty to indemnify and such duty to defend exists regardless of any ultimate liability of Lessor. Such defense obligation shall arise immediately upon presentation of a written Claim by Lessor being provided to Lessee.

3.  **SPECIAL EMPLOYEE** - Lessee hereby acknowledges and agrees that all persons operating such equipment, including persons supplied by Lessor to operate, direct or otherwise work with the equipment pursuant to this Lease Agreement shall be under the exclusive and complete direction, supervision, control and use of Lessee at all times during the term of this Lease Agreement. Such persons shall be the Special Employee(s) / Borrowed Servants(s) of Lessee and a Co-Employee(s) of all other employees of Lessee during the terms of the Lease Agreement. In the event of an injury to an employee of Lessee arising, in part, from the alleged acts and/or omissions of personnel supplied by Lessor, Lessee's Workers Compensation Insurance shall be the sole and exclusive remedy for injuries to such employee of the Lessee.

4.  **INSURANCE** - Lessee shall at all times carry insurance in respect of premises upon which Lessor is directed to work, where Lessor's equipment or operating personnel are located, the work that Lessor is directed to carry out, and the operations of Lessee and Lessor. Such insurance shall include Public Liability and Property Damage Insurance and Automotive Public Liability and Property Damage Insurance including liability coverage for (a) all operations, (b) contract and subcontract work, (c) contractual obligations including the obligations of Lessee under this Agreement, (d) product liability and completed operations, (e) owned and non-owned vehicles. Such insurance shall be carried by Lessee for the benefit of Lessor and such insurance shall name Lessee as additional insured. The insurance required hereby shall be primary insurance as respects all insureds, and insurance carried by Lessor shall be excess to the insurance required hereby. Lessor shall be afforded coverage to the full limits of the policies carried by Lessee which amounts shall not be less than $1,000,000 (One Million Dollars) combined single limit. Lessor and Lessee agree it is the intent of this Agreement to secure the benefit and protection of California Labor Code Section 3602(d) for themselves and for all employees (furnished operating personnel) provided by Lessor to Lessee under this agreement.

5.  **EFFECTIVE DATE** - Lessor is bound to this Agreement upon the signature of Lessor's representative, and the commencement of work. Lessee warrants and represents that the individual affixing a signature hereto has the authority to bind Lessee and further represents that affixing a signature hereto is for the purpose of Lessor to perform the work or services for the benefit of Lessee.

6.  **AFFILIATE COMPANY SERVICES** - In the event the work as directed to be done by lessee results in Lessor providing the work, services, or equipment or its affiliate companies, or any of them, no service charge shall be made thereon as would otherwise apply according to the regularly published rate sheet of Lessor. Any such affiliate shall, instead, be provided by Lessee all insurance's and indemnities herein recited as through this Agreement had been entered into with such affiliate directly, and any such affiliate shall have the same obligations to Lessee as in Lessor under this Agreement.

7.  **COMPETENT OPERATION BY LESSEE:** Lessee agrees to provide competent and experienced personnel to direct the operation of the equipment and further agrees that the Standard Crane and Derrick Signals in accordance with American Standard B 30.2–1943 shall be used to direct the equipment at all times where applicable. Lessee further agrees to use said equipment in accordance with the manufacturer's instructions and agrees not to exceed the manufacturer's rated load capacities for such or similar equipment. Lessee expressly agrees that counterweight in excess of the manufacturer's specifications shall not be used.

8.  **EXCUSE OF PERFORMANCE:** Any prevention, delay or stoppage due to strikes, lockouts, labor disputes, acts of God, inability to obtain labor or materials or reasonable substitutes therefore, government action/domestic or foreign, riot, civil commotion, fire and other casualty and all other causes beyond the reasonable control of Lessor shall excuse Lessor's performance for a period equal to such prevention, delay, or stoppage.
    Lessee hereby waives all claims against Lessor for any delay or loss of materials by reason of any shutdown or failure of the equipment for any reason.

9.  **TERMS OF PAYMENT:** Net 30 days, 1 1/2% per month after 30 days - 18% per annum.

10. **CONFORMANCE TO ALL LAWS:** Lessee agrees to use the equipment in strict compliance with all applicable rules, laws, regulations and orders.

11. **LIFTING LUGS:** Lessee assumes all liability for the adequacy of design or the strength of any lifting lug or device embedded in or attached to any object.

12. If necessary to institute legal action to enforce collection of the amount under this invoice buyer agrees to pay all necessary costs and attorney's fees.

13. Failure to pay billed charges may result in a lien of future shipments under California Civil Code Section 3051.5 including the cost of storage and appropriate security for the subsequent shipment held pursuant to Section 3051.5.

**OST TRUCKS AND CRANES, INC.**
P.O. Box 237
Ventura, CA 93002-9957

**OST**
TRUCKS AND CRANES, INC.
VENTURA, CA
SINCE 1947

CA 790   FHA MC 13460
402528 A HA
INVOICE # 101547
PHONE: (805) 643-9963 • FAX: (805) 643-7615
E-MAIL: OSTCRANES@west.ne
www.ostcranes.com

Date: 3/4/2007  Sunday

JOB # 58855D

CHARGE TO: Wallenius Wilhelmsen Logistics Americas, LL
279 Hueneme Road
Port Hueneme, CA 93039

P.O. #:

JOBSITE/PICKUP: Pac Ro-Ro
Dock 2
Port Hueneme, CA

DELIVER TO: Pac Ro-Ro
Dock 2
Port Hueneme, CA

**WORK PERFORMED:**
Furnish 100 ton conventional crane with 100 ft boom to lift and load Sea Ray boat on mafi with longshoreman
Need lift spreader bar.

Listed work / items received by:

**JOB INFORMATION:**
Ordered By: Richard
Phone: (805) 488-4000 EXT
Job Time: 07:00 AM   05:00 PM
Comments  6:00pm RTW
Date Taken: 3/2/2007
Time Taken: 02:38 PM
Taken By: Burke, Tom

186   100 Ton Crane   Bryan, Clyde L
Equipment   Employee: , Stephen

| | START/FROM | TO | |
|---|---|---|---|
| Travel: | | | AM/PM |
| Load/Assemble: | | | AM/PM |
| Travel/Work: | 530 | | AM/PM |
| Unload/Disassemble: | | | AM/PM |
| Travel: | | | AM/PM |
| Stand By: | | | AM/PM |
| Total Hours: | | | |
| Deductions: | | | |
| Net Hours: | | | |

| ITEM | HRS/WT | RATE | AMOUNT |
|---|---|---|---|
| CRANE & TRUCK FOR BARS | | QUOTE | $1516.13 |
| SUNDAY D.T. | 4 | 140— | $560— |
| | | | $2076.13 |

**Lease Agreement / Terms & Conditions**
On Back Agreed To:
Must be signed PRIOR to job commencement
Lessee: PACRO STEVEDORING
Print Name: Richard Mack
Company: _____
Lessor: L. Dennis Zermeno
L. Dennis Zermeno
OST Trucks and Cranes, Inc.

OST TRUCKS AND CRANES, INC.
P.O. Box
Ventura 93002-9957

**OST**
OILFIELD TRUCKING
TRUCKS AND CRANES, INC.
VENTURA, CA
SINCE 1947

CA 790   FHA MC 13460
402528 A HA

**INVOICE #** 98833
PHONE: (805) 643-9963 • FAX: (805) 643-761
E-MAIL: OSTCRANES@west.ne
www.ostcranes.con

Date: 12/6/2006   Wednesday

**JOB #** 56681D - 32019

CHARGE TO:
Wallenius Wilhelmsen Logistics Americas, LL
279 Hueneme Road
Port Hueneme, CA 93039

P.O. #:

JOBSITE/PICKUP: Dockside
Dock 2
Port Hueneme, CA

DELIVER TO: Dockside
Dock 2
Port Hueneme, CA

**WORK PERFORMED:**

Furnish crane with 185 foot of boom to pick yacht off ship.
Furnish counter weight and boom trucks.

NOTE: Due to position of yacht on weather deck had to add 20 feet more of boom resulting in
4 more hours of rigging time.

Listed work / items received by:

**JOB INFORMATION:**

Ordered By:
Phone: (805) 488-4000 EXT
Job Time: 07:00 AM 05:00 PM
Comments am on job.

Date Taken: 11/28/2006
Time Taken: 01:44 PM
Taken By: Chutuk, Nic

| | START/FROM | | TO |
|---|---|---|---|
| Travel: | | | AM/PM |
| Load/Assemble: | | | AM/PM |
| Travel/Work: | | | AM/PM |
| Unload/Disassemble: | | | AM/PM |
| Travel: | | | AM/PM |
| Stand By: | | | AM/PM |
| Total Hours: | | | |
| Deductions: | | | |
| Net Hours: | | | |

397  300 Ton Crane
481  140 Ton Crane
Equipment

Employees
Farley, Stephen
Garcia, Ignacio
Lucas, Brian
Mathwin Jr., William

| ITEM | HRS/WT | RATE | AMOUNT |
|---|---|---|---|
| Crane | | | 22,000.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Lease Agreement / Terms & Conditions**
**On Back Agreed To:**
Must be signed PRIOR to job commencement
Lessee:
Print Name: Richard W. Mock
Company: Parro Stuff
Lessor: L. Dennis Zermeno
L. Dennis Zermeno
OST Trucks and Cranes, Inc.

# TERMS AND CONDITIONS



The Lessor hereby leases the equipment described on the reverse side and furnishes operational personnel to the
Lessee heretofore named subject to the following terms and conditions.

1. **NO OTHER AGREEMENT:** Except as otherwise mutually agreed in writing, this document is the complete agreement of the parties and supersedes all other agreements or understandings, written or oral.

2. **INDEMNIFICATION:** To the fullest extent permitted by law, Lessee shall indemnify, defend (at Lessee's sole cost and expense and with legal counsel approved by Lessor, which approval shall not be unreasonably withheld), protect and hold harmless Lessor and all Lessors, agents, employees, officers and directors, from and against any and all claims (including, without limitation, claims for bodily injury, death or damage to property), demands, obligations, damages, actions, causes of action, suits, losses, judgments, fines, penalties, liabilities, costs and expenses (including, without limitation, attorney's fees, costs and expenses (including without limitation, attorney's fees, disbursements and court costs, and all other professional expert or consultant's fees and costs and Lessor's general and administrative expenses) which may arise from or in any manner relate (directly or indirectly) to the operations, use, maintenance, direction and/or control of the equipment and, if applicable, all persons operating such equipment, including persons supplied by Lessor to operate, direct or otherwise work with the equipment or arising from or in connection with the performance of this agreement regardless of any active or passive negligence of an Indemnified Party. Less of understand and acknowledges that the indemnification/obligation hereunder is intended to constitute a "Type I" indemnity under California law and extends to and includes Claims arising from the active or passive negligence of Indemnified Parties and that this written agreement is intended to satisfy the requirements of Labor Code Section 3864. Nothing herein shall be construed to require Lessee to indemnify the Indemnified Parties from any Claim arising from the sole negligence or willful misconduct of Lessor. The duty to defend is wholly independent of and separate from the duty to indemnify and such duty to defend exists regardless of any ultimate liability of Lessor. Such defense obligation shall arise immediately upon presentation of a written Claim by Lessor being provided to Lessee.

3. **SPECIAL EMPLOYEE** - Lessee hereby acknowledges and agrees that all persons operating such equipment, including persons supplied by Lessor to operate, direct or otherwise work with the equipment pursuant to this Lease Agreement shall be under the exclusive and complete direction, supervision, control and use of Lessee at all times during the term of this Lease Agreement. Such persons shall be the Special Employee(s) / Borrowed Servants(s) of Lessee and a Co-Employee(s) of all other employees of Lessee during the terms of the Lease Agreement. In the event of an injury to an employee of Lessee arising, in part, from the alleged acts and/or omissions of personnel supplied by Lessor, Lessee's Workers Compensation Insurance shall be the sole and exclusive remedy for injuries to such employee of the Lessee.

4. **INSURANCE** - Lessee shall at all times carry insurance in respect of premises upon which Lessor is directed to work, where Lessor's equipment or operating personnel are located, the work that Lessor is directed to carry out, and the operations of Lessee and Lessor. Such insurance shall include Public Liability and Property Damage Insurance and Automotive Public Liability and Property Damage Insurance including liability coverage for (a) all operations, (b) contract and subcontract work, (c) contractual obligations including the obligations of Lessee under this Agreement, (d) product liability and completed operations, (e) owned and non-owned vehicles. Such insurance shall be carried by Lessee for the benefit of Lessor and such insurance shall name Lessee as additional insured. The insurance required hereby shall be primary insurance in respects all insureds, and insurance carried by Lessor shall be excess to the insurance required hereby. Lessor shall be afforded coverage to the full limits of the policies carried by Lessee which amounts shall not be less than $1,000,000 (One Million Dollar) combined single limit. Lessor and Lessee agree it is the intent of this Agreement to secure the benefit and protection of California Labor Code Section 3602(d) for themselves and for all employees furnished, operating under and provided by Lessor to Lessee under this agreement.

5. **EFFECTIVE DATE** - Lessor is bound to this Agreement by the signing of Lessor's representative and Lessee, and the commencement of work. Lessee warrants and represents that the individual affixing a signature hereto has the authority to bind Lessee, and further represents that affixing a signature hereto is for the purpose of Lessor to perform the work or services for the benefit of Lessee.

6. **AFFILIATE COMPANY SERVICES** - In the event the work is desired to be done by Lessee results in Lessor providing the work, services, or equipment or its affiliate companies, or any of them, no service charge shall be made thereon as would otherwise apply according to the regularly published rate sheet of Lessor. Any such affiliate shall, instead, be provided by Lessee all insurance's and indemnities herein recited as through this Agreement had been entered into with such affiliate directly, and any such affiliate shall have the same obligations to Lessee as to Lessor under this Agreement.

7. **COMPETENT OPERATION BY LESSEE:** Lessee agrees to provide competent and experienced personnel to direct the operation of the equipment and further agrees that the Standard Crane and Derrick Signals in accordance with American Standard B 30.2–1943 shall be used to direct the equipment at all times where applicable. Lessee further agrees to use said equipment in accordance with the manufacturer's instructions and agrees not to exceed the manufacturer's rated load capacities. for such or similar equipment Lessee expressly agrees that counterweight in excess of the manufacturer's specifications shall not be used.

8. **EXCUSE OF PERFORMANCE:** Any prevention, delay or stoppage due to strikes, lockouts, labor disputes, acts of God, inability to obtain labor or materials or reasonable substitutes therefore, governmentaction domestic or foreign, riot, civil commotion, fire and other casualty and all other causes beyond the reasonable control of Lessor shall excuse Lessor's performance for a period equal to such prevention, delay, or stoppage.
Lessee hereby waives all claims against Lessor for any delay or loss of materials by reason of any shutdown, or failure of the equipment for any reason.

9. **TERMS OF PAYMENT:** Net 30 days, 1 1/2% per month after 30 days 18% per annum

10. **CONFORMANCE TO ALL LAWS:** Lessee agrees to use the equipment in strict compliance with all applicable rules, laws, regulations and orders.

11. **LIFTING LUGS:** Lessee assumes all liability for the adequacy of design or the strength of any lifting lug or device embedded in or attached to any object.

12. If necessary to institute legal action to enforce collection of the amount under this invoice buyer agrees to pay all necessary costs and attorney's fees.

13. Failure to pay billed charges may result in a lien of future shipments under California Civil Code Section 3051.5 including the cost of storage and appropriate security for the subsequent shipment held pursuant to Section 3051.5.

OST TRUCKS AND CRANES, INC.
P.O. Box 237
Ventura, CA 93002-9957

CA 790  FHA MC 1346
402528 A H/

**OST**
OILFIELD - HEAVY TRUCKING
TRUCKS AND CRANES, INC.
VENTURA, CA
SINCE 1947

INVOICE # 98854
PHONE: (805) 643-9963 • FAX: (805) 643-76
E-MAIL: OSTCRANES@west.r
www.ostcranes.co

Date: 12/6/2006    Wednesday

JOB # 57021D  -  31979

CHARGE TO: Wallenius Wilhelmsen Logistics Americas, LL
279 Hueneme Road
Port Hueneme, CA 93039

P.O. #:

JOBSITE/PICKUP: Dockside
Dock 2
Port Hueneme, CA

DELIVER TO: Dockside
Dock 2
Port Hueneme, CA

**WORK PERFORMED:**

Furnish 300 ton crane with 185 ft of boom set yacht in water.

Listed work / items received by:

**JOB INFORMATION:**

Ordered By:
Phone: (805) 488-4000 EXT
Job Time: 07:00 AM   05:00 PM
Comments: am on job.

Date Taken: 02/26/2006
Time Taken: 02:26 PM
Taken By: Chutuk, Nic

| | START/FROM | | TO | |
|---|---|---|---|---|
| Travel: | | | | AM PM |
| Load/Assemble: | | | | AM PM |
| Travel/Work: | | | | AM PM |
| Unload/Disassemble: | | | | AM PM |
| Travel: | | | | AM PM |
| Stand By: | | | | AM PM |
| Total Hours: | | | | |
| Deductions: | | | | |
| Net Hours: | | | | |

397   300 Ton Crane          Farley, Stephen
Equipment            Employee: Angelo, Thomas

| ITEM | HRS/WT | RATE | AMOUNT |
|---|---|---|---|
| CRANE | | | 3000 |
| | | | |

**Lease Agreement / Terms & Conditions**
**On Back Agreed To:**
Must be signed PRIOR to job commencement
Lessee:
Print Name: Richard W. Pole
Company: Porro Struig
Lessor: L. Dennis Zermeno
L. Dennis Zermeno
O    Trucks and Cranes, Inc.

# TERMS AND CONDITIONS

The Lessor hereby leases the equipment described on the reverse side and furnishes operational personnel to the Lessee heretofore named subject to the following terms and conditions:

1. **NO OTHER AGREEMENT:** Except as otherwise mutually agreed in writing, this document is the complete agreement of the parties and supersedes all other agreements or understandings, written or oral.

2. **INDEMNIFICATION:** To the fullest extent permitted by law, Lessee shall indemnify, defend (at Lessee's sole cost and expense and with legal counsel approved by Lessor, which approval shall not be unreasonably withheld), protect and hold harmless Lessor and all Lessors, agents, employees, officers and directors, from and against any and all claims (including, without limitation, claims for bodily injury, death or damage to property), demands, obligations, damages, actions, causes of action, suits, losses, judgments, fines, penalties, liabilities, costs and expenses (including, without limitation, attorney's fees, costs and expenses (including without limitation, attorney's fees, disbursements and court costs, and all other professional, expert or consultant's fees and costs and Lessor's general and administrative expenses) which may arise from or in any manner relate (directly or indirectly) to the operations, use, maintenance, direction and/or control of the equipment and if applicable, all persons operating such equipment, including persons supplied by Lessor to operate, direct or otherwise work with the equipment or arising from/or in connection with the performance of this agreement regardless of any active or passive negligence of an Indemnified Party. Lessor understands and acknowledges that the indemnification obligation hereunder is intended to constitute a "Type I" indemnity under California law and extends to and includes Claims arising from the active or passive negligence of Indemnified Parties and that this written agreement is intended to satisfy the requirements of Labor Code Section 3864. Nothing herein shall be construed to require Lessee to indemnify the Indemnified Parties from any Claim arising from the sole negligence or willful misconduct of Lessor. The duty to defend is wholly independent of and separate from the duty to indemnify and such duty to defend exists regardless of any ultimate liability of Lessor. Such defense obligation shall arise immediately upon presentation of a written Claim by Lessee being provided to Lessee.

3. **SPECIAL EMPLOYEE** Lessee hereby acknowledges and agrees that all persons operating such equipment, including persons supplied by Lessor to operate, direct or otherwise work with the equipment pursuant to this Lease Agreement shall be under the exclusive and complete direction, supervision, control and use of Lessee at all times during the term of this Lease Agreement. Such persons shall be the Special Employee(s) / Borrowed Servants(s) of Lessee and a Co-Employee(s) of all other employees of Lessee during the terms of the Lease Agreement. In the event of an injury to an employee of Lessee arising, in part, from the alleged acts and/or omissions of personnel supplied by Lessor, Lessee's Workers Compensation Insurance shall be the sole and exclusive remedy for injuries to such employee of the Lessee.

4. **INSURANCE** - Lessee shall at all times carry insurance in respect of premises upon which Lessor is directed to work, where Lessor's equipment or operating personnel are located, the work that Lessor is directed to carry out, and the operations of Lessee and Lessor. Such insurance shall include Public Liability and Property Damage Insurance and Automotive Public Liability and Property Damage Insurance including liability coverage for (a) all operations, (b) contract and subcontract work, (c) contractual obligations including the obligations of Lessee under this Agreement, (d) product liability and completed operations, (e) owned and non-owned vehicles. Such insurance shall be carried by Lessee for the benefit of Lessor and such insurance shall name Lessee as additional insured. The insurance required hereby shall be primary insurance as respects all insureds, and insurance carried by Lessor shall be excess to the insurance required hereby. Lessor shall be afforded coverage to the full limits of the policies carried by Lessee which amounts shall not be less than $1,000,000 (One Million Dollars) combined single limit. Lessor and Lessee agree it is the intent of this Agreement to secure the benefit and protection of California Labor Code Section 3602(d) for themselves and/or for employees furnished as operating personnel provided by Lessor to Lessee under this agreement.

5. **EFFECTIVE DATE** - Lessor is bound to this Agreement upon the signature of Lessee's representative and Lessee, and the commencement of work. Lessee warrants and represents that the individual affixing a signature hereto has the authority to bind Lessee and further represents that affixing a signature hereto is for the purpose of Lessor to perform the work or services for the benefit of Lessee.

6. **AFFILIATE COMPANY SERVICES** - In the event the work is directed to be done by lessee results in Lessor providing the work, services, or equipment or its affiliate companies, or any of them, no service charge shall be made thereon as would ordinarily apply according to the regularly published rate sheet of Lessor. Any such affiliate shall, instead, be provided by Lessee all insurance's and indemnities herein recited as through this Agreement had been entered into with such affiliate directly, and any such affiliate shall have the same obligations to Lessee as to Lessor under this Agreement.

7. **COMPETENT OPERATION BY LESSEE:** Lessee agrees to provide competent and experienced personnel to direct the operation of the equipment and further agrees that the Standard Crane and Derrick Signals in accordance with American Standard B 30.2-1943 shall be used to direct the equipment at all times where applicable. Lessee further agrees to use said equipment in accordance with the manufacturer's instructions and agrees not to exceed the manufacturer's rated load capacities for a crane or similar equipment. Lessee expressly agrees that counterweight in excess of the manufacturer's specifications shall not be used.

8. **EXCUSE OF PERFORMANCE:** Any prevention, delay or stoppage due to strikes, lockouts, labor disputes, acts of God, inability to obtain labor or materials or reasonable substitutes therefore, government action domestic or foreign, riot, civil commotion, fire and other casualty, and all other causes beyond the reasonable control of Lessor shall excuse Lessor's performance for a period equal to such prevention, delay, or stoppage.
Lessee hereby waives all claims against Lessor for any delay or loss of materials by reason of any shutdown, or failure of the equipment for any reason.

9. **TERMS OF PAYMENT:** Net 30 days. 1 1/2% per month after 30 days. 18% per annum.

10. **CONFORMANCE TO ALL LAWS:** Lessee agrees to use the equipment in strict compliance with all applicable rules, laws, regulations and orders.

11. **LIFTING LUGS:** Lessee assumes all liability for the adequacy of design or the strength of any lifting lug or device embedded in or attached to any object.

12. If necessary to institute legal action to enforce collection of the amount under this invoice buyer agrees to pay all necessary costs and attorney's fees.

13. Failure to pay billed charges may result in a lien of future shipments under California Civil Code Section 3051.5 including the cost of storage and appropriate security for the subsequent shipment held pursuant to Section 3051.5.



# GRAY·DUFFY, LLP

GARY S. GRAY
JOHN J. DUFFY
BARRY D. BROWN
AMALIA L. TAYLOR
FRANK J. OZELLO, JR.
MICHELLE A. MACDONALD
MICHAEL S. EISENBAUM
THOMAS YEN
WENDY LIN SUH
RENÉ M. FAUCHER
PATRICK M. ROBERTS
MICHAEL M. MOLINARO
KEVIN M. CRUZ
MATTHEW S. SHORR
RONALD H. MANDEL
JAMES C. CHOO
MICHELLE R. SEPICH
BRIAN M. PLESSALA
BRIAN W. LUDEKE

15760 VENTURA BOULEVARD
16TH FLOOR
ENCINO, CALIFORNIA 91436
(818) 907-4000
FAX (818) 783-4551
www.grayduffylaw.com

July 13, 2007

702 MARSHALL STREET
SUITE 600
REDWOOD CITY, CALIFORNIA 94063
(650) 365-7343
FAX (650) 365-6225

WILLIAM F. FLAHAVAN
Of Counsel

**OUR FILE NUMBER**
3197-111
Direct Line: (818) 907-4033
e-mail: mshorr@grayduffylaw.com

**Certified Mail (Return Receipt)**

Nicholas Politis, Esq.
FLYNN, DELICH & WISE
One World Trade Center, Suite 1800
Long Beach, CA 90831

Re:    Wallenius Wilhelmsen Logistics, etc. vs. OST Trucks and Cranes
Date of Loss    :    01/16/07
Our Client    :    OST Trucks and Cranes dbs Oilfield Service & Trucking

## TENDER OF DEFENSE AND INDEMNITY

Dear Mr. Politis:

As you will recall, we previously wrote to you on May 4, 2007, to advise that OST Trucks & Cranes, Inc. intended to seek the defense and indemnification, in the event that a claim or suit were to be brought by the Port of Hueneme, Oxnard Harbor District; the shipper, Sunseeker International, Ltd. and/or California Coast Yachts, pursuant to the Job Ticket/Work Authorization(s) entered into between OST Trucks & Cranes, Inc. and Wallenius Wilhelmsen Logistics.

As we previously indicated, the OST Job Ticket/Work Authorization(s) contained an Express Indemnity Provision, which provided as follows:

M:\Gsgsic\Wallenius\Letters\Politis.Tender.Ltr.002.wpd

Nicholas Politis, Esq.
In Re:  Wallenius Wilhelmsen Logistics, etc. vs. OST Trucks and Cranes
July 13, 2007
Page 2

"To the fullest extent permitted by law, Lessee shall indemnify, defend (at Lessee's sole cost and expense and with legal counsel approved by Lessor, which approval shall not be unreasonably withheld) protect and hold harmless Lessor and all Lessor's agents, employees, officers and directors, from and against any and all claims (including, without limitation, claims for bodily injury, death or damages to property) demands, obligations, damages, actions, causes of action, suits, losses, judgments, fines, penalties, liabilities, costs and expenses (including, without limitation, attorneys' fees, costs and expenses, disbursements and court costs, and all other professional, expert or consultants fees and costs and Lessor's general and administrative expenses) which may arise from or in any manner relate (directly or indirectly) to the operations, use, maintenance, direction and/or control of the equipment and if applicable, all persons operating such equipment, including persons supplied by Lessor to operate, direct or otherwise work with the equipment or arising from/or in connection with the performance of this agreement regardless of any active or passive negligence of an indemnified party.  Lessor understands and acknowledges that the indemnification obligation herein is intended to constitute a "Type 1" indemnity under California law, and extends to and includes claims arising from the active or passive negligence of indemnified parties and that this written agreement is intended to satisfy the requirements of Labor Code Section 3864. Nothing herein shall be construed to require Lessee to indemnify the indemnified parties from any Claim arising from the sole negligence or wilful misconduct of Lessor.  The duty to defend is wholly independent of and separate from the duty to indemnify and such duty to defend exists regardless of any ultimate liability of Lessor. Such defense obligation shall arise immediately upon presentation of a written claim by Lessor being provided to Lessee."

The Job Ticket/Work Authorization further provided that OST was to be named as an Additional Insured of Wallenius' insurance policies, as follows:

"Lessee shall at all times carry insurance in respect of premises upon which Lessor is directed to work, where Lessor's equipment or operating personnel are located, the work that Lessor is directed to carry out, and the operations of Lessee and Lessor. Such insurance

M:\Gsgsic\Wallenius\Letters\Politis.Tender.Ltr.002.wpd

Nicholas Politis, Esq.
In Re: Wallenius Wilhelmsen Logistics, etc. vs. OST Trucks and Cranes
July 13, 2007
Page 3

shall include public liability and property damage insurance and automotive public liability and property damage insurance including liability coverage for (a) all operations, (b) contract and subcontract work, (c) contractual obligations including the obligations of Lessee under this Agreement, (d) product liability and completed operations, (e) owned and non-owned vehicles. Such insurance shall be carried by Lessee for the benefit of Lessor and such insurance shall name Lessee as additional insured. The insurance required hereby shall be primary insurance as respects all insureds, and insurance carried by Lessor shall be excess to the insurance required hereby. Lessor shall be afforded coverage to the full limits of the policies carried by Lessee which amount shall not be less than One Million Dollars ($1,000,000.00) combined single limit. Lessor and Lessee agree it is the intent of this Agreement to secure the benefit and protection of California Labor Code Section 3602(d) for themselves and for all employees (furnished operating personnel) provided by Lessor to Lessee under this Agreement."

On June 4, 2007, we received a correspondence from St. Paul Travelers Insurance Company, Ltd., as subrogated insurer for Sunseeker International. A copy of St. Paul Traveler's Insurance Company, Ltd.'s correspondence is enclosed for your reference. As indicated in St. Paul Traveler's correspondence, St. Paul Traveler's has communicated a demand in the amount of $3,928,199.97, arising out of the damage allegedly caused to the Sunseeker International yacht. You will note also that St. Paul Traveler's has made a claim for Survey fees in the amount of $35,000, for a total claim in the amount of $3,963,199.90.

In light of the foregoing Express Indemnity Agreement, as well as the provision contained in the Job Ticket/Work Authorization(s) which mandated that OST was to be named as an Additional Insured of Wallenius' insurance policies, please immediately place Wallenius and its Commercial General Liability Insurer on Notice of the foregoing, and OST's demand for Defense and Indemnity, pursuant to the Express Indemnity Agreement. We would also again request that you provide us with a copy of Wallenius' Commercial General Liability Policy in force at the time of the incident, including any Additional Insured endorsements, whether broad form or otherwise, naming OST as an Additional Insured.

M:\Gsgsic\Wallenius\Letters\Politis.Tender.Ltr.002.wpd

Nicholas Politis, Esq.
In Re: Wallenius Wilhelmsen Logistics, etc. vs. OST Trucks and Cranes
July 13, 2007
Page 4


   If you should have any further questions with regard to the foregoing, please do not hesitate
to contact me.

        Very truly yours,

        GRAY • DUFFY, LLP


     By _____
        Matthew S. Shorr


MSS:aak
Enclosures

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nicholas Politis, Esq.
FLYNN DELICH & WISE
One WORLD TRADE Center
Suite 1800
Long Beach, CA 90831

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Hollye Humphreys*   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

Hollye Humphreys

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7005 1160 0001 9698 9501

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540