11747-PAJ

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
ST. PAUL TRAVELERS INSURANCE COMPANY LTD.,

                                Plaintiff,

    v.

                                **08 CIV 410 (JGK)**

M/V "*MADAME BUTTERFLY*," its engines, tackles, boilers, etc., *in rem*;
WALLENIUS WILHELMSEN LOGISTICS A/S;
WALLENIUS WILHELMSEN LOGISTICS, INC.;
WALLENIUS WILHELMSEN LOGISTICS AMERICAS LLC;
OST TRUCKS AND CRANES, INC.;
PACIFIC RO RO STEVEDOING, INC.;
PACIFIC RO RO STEVEDORING LLC; &
PARSIFAL SHIPPING LTD., *in personam*,

                                **VERIFIED ANSWER WITH CROSS-CLAIMS**

                            Defendants.
---------------------------------------------------------------- x

    Defendants, WALLENIUS WILHELMSEN LOGISTICS A/S; WALLENIUS WILHELMSEN LOGISTICS AMERICAS LLC; and PARSIFAL SHIPPING LTD., as owner of the M/V "*MADAME BUTTERFLY*," its engines, tackles, boilers, etc., (collectively "WWL"), by their attorneys, JUNGE & MELE, LLP, answering the Verified Amended Complaint of ST. PAUL TRAVELERS INSURANCE COMPANY LTD., and cross-claiming against co- Defendants, OST TRUCKS AND CRANES, INC., PACIFIC RO RO STEVEDOING, INC., and PACIFIC RO RO STEVEDORING LLC, respectfully allege as follows:

1.     WWL admits this action is within the Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1), and is a maritime claim within the meaning of Rules 9(h) and 38(e) of the Federal Rules of Civil Procedure, but except as so admitted, denies that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, since it does not otherwise involve interstate commerce or federal common law, and as such does not entitle Plaintiff to a trial by jury; except as so admitted, WWL denies the balance of the allegations contained in paragraph 1 of the Verified Amended Complaint.

2.     WWL admits the allegations contained in paragraphs 2, 13, 14 and 15 of the Verified Amended Complaint.

3.     WWL denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3, 8, 9, 10, 18 and 19 of the Verified Amended Complaint.

4.     At all times relevant, WWL admits that the M/V "*MADAME BUTTERFLY*" (the "Vessel") was a vessel registered in Singapore, but except as so admitted, denies knowledge or information sufficient to form a belief as to the balance allegations contained in paragraph 4 of the Verified Amended Complaint.

5.     At all times relevant, WWL admits that WALLENIUS WILHELMSEN LOGISTICS A/S was a corporation doing business as an ocean common carrier for hire and was the operator of the Vessel, but except as so admitted, WWL denies the balance of

the allegations contained in paragraph 5 of the Verified Amended Complaint.

  6. WWL denies having any knowledge or information as to the existence of the entity identified herein as "WALLENIUS WILHELMSEN LOGISTICS, INC.," and as such, denies the allegations contained in paragraph 6 of the Verified Amended Complaint.

  7. At all times relevant, WWL admits that WALLENIUS WILHELMSEN LOGISTICS AMERICAS LLC (incorrectly identified in paragraph 7 of the Verified Amended Complaint as "WALLENIUS WILHELMSEN AMERICAS, LLC") was a limited liability company, but except as so admitted, WWL denies the balance of the allegations contained in paragraph 7 of the Verified Amended Complaint.

  8. At all times relevant, WWL admits that PARSIFAL SHIPPING LTD., was a foreign corporation doing business as an ocean common carrier for hire and was the owner of the Vessel, but except as so admitted, WWL denies the balance of the allegations contained in paragraph 11 of the Verified Amended Complaint.

  9. WWL admits that a shipment of one 72-foot 2006 Sunseeker Predator motor yacht, which was stowed on or in one cradle, was loaded on the Vessel on or about December 23, 2006, and that on-board bill of lading "GB536853" was issued as of the date of loading in the port of Southampton which stated that the port of discharge was the port of Port Hueneme, California, but except as so admitted, WWL denies the balance of the allegations contained in paragraph 12 of the Verified Amended Complaint.

10. WWL denies the allegations contained in paragraphs 16 and 17 of the Verified Amended Complaint.

### ANSWERING THE FIRST CAUSE OF ACTION

11. WWL repeats and re-alleges each and every admission and denial set forth above in paragraphs 1 through 10 of this Verified Answer as if more fully set forth at length herein.

12. WWL denies the allegations contained in paragraphs 21, 22 and 23 of the Verified Amended Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

13. WWL repeats and re-alleges each and every admission and denial set forth above in paragraphs 1 through 12 of this Verified Answer as if more fully set forth at length herein.

14. WWL denies the allegations contained in paragraphs 25 and 26 of the Verified Amended Complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

15. WWL repeats and re-alleges each and every admission and denial set forth above in paragraphs 1 through 14 of this Verified Answer as if more fully set forth at length herein.

16. WWL denies the allegations contained in paragraphs 28 and 29 of the Verified Amended Complaint.

**ANSWERING THE FOURTH CAUSE OF ACTION**

17.    WWL repeats and re-alleges each and every admission and denial set forth above in paragraphs 1 through 16 of this Verified Answer as if more fully set forth at length herein.

18.    WWL denies the allegations contained in paragraphs 31 and 32 of the Verified Amended Complaint.

**ANSWERING THE FIFTH CAUSE OF ACTION**

19.    WWL repeats and re-alleges each and every admission and denial set forth above in paragraphs 1 through 18 of this Verified Answer as if more fully set forth at length herein.

20.    WWL denies the allegations contained in paragraphs 34 and 35 of the Verified Amended Complaint.

**ANSWERING THE SIXTH CAUSE OF ACTION**

21.    WWL repeats and re-alleges each and every admission and denial set forth above in paragraphs 1 through 20 of this Verified Answer as if more fully set forth at length herein.

22.    WWL denies the allegations contained in paragraphs 37, 38 and 39 of the Verified Amended Complaint.

## AS AND FOR ITS AFFIRMATIVE DEFENSES, WWL ALLEGES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

23. The Verified Amended Complaint fails to state causes of action or fails to state claims upon which relief can be granted as against WWL.

### SECOND AFFIRMATIVE DEFENSE

24. The claims alleged in the Verified Amended Complaint arose from the fault, neglect, negligence, and breach of express or implied contract of co-Defendants or other entities.

### THIRD AFFIRMATIVE DEFENSE

25. Since carriage of the subject cargo was effected pursuant to the United States Carriage of Goods by Sea Act of 1936, or other statutory enactment, WWL is either without responsibility or its liability is limited by the $500 package limitation, one-year suit time limitation, or other statutory limitation of liability, for the loss or damage alleged in the Verified Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

26. WWL assumed no obligations or responsibilities other than provided for in the governing ocean bill of lading referenced above, and is further entitled to all defenses under the bill of lading including, but not limited to, the $500 package limitation, one-year suit time limitation, and other limitations on liability.

## FIFTH AFFIRMATIVE DEFENSE

27. Any loss or damage to the subject cargo was due to inherent vice, acts of the shipper, consignee or owner of the cargo, or other deficiencies for which WWL is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

28. If Plaintiff sustained any losses as alleged in the Verified Amended Complaint, said losses arose out of and were caused by risks, dangers and hazards, all of which were open, obvious and assumed by shipper, consignee or owners of the cargo.

## SEVENTH AFFIRMATIVE DEFENSE

29. If Plaintiff sustained any loss or damages, as alleged in the Verified Amended Complaint, said damages were caused solely by the negligence of the shipper, consignee or owner of the cargo, their agents, servants or employees, and were not caused or contributed to in any manner by the alleged negligence, breach of express or implied contract or breach of warranty of WWL.

## EIGHTH AFFIRMATIVE DEFENSE

30. Plaintiff and/or the shipper, consignee or owner of the cargo failed to take reasonable steps to minimize the alleged damages.

## NINTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims and causes of action against the co-Defendants, OST TRUCKS AND CRANES, INC., PACIFIC RO RO STEVEDOING, INC. and PACIFIC

RO RO STEVEDORING LLC, violates and is in breach of Clause 16 ("Agreement to Claim Against No One Other Than the Carrier") of the governing ocean bill of lading, referenced above, which limits cargo damage claims or suits to no other party than WWL, and as such, the claims and causes of action asserted against said co-Defendants must be dismissed.

## TENTH AFFIRMATIVE DEFENSE

32.     Pursuant to Clause 15 ("Sub-Contractors and Himalaya Clause") of the governing ocean bill of lading, referenced above, Plaintiff's claims and causes of action against the co-Defendants, OST TRUCKS AND CRANES, INC., PACIFIC RO RO STEVEDOING, INC. and PACIFIC RO RO STEVEDORING LLC, are subject to the same defenses and limitations, including the package limitation, available to WWL.

## AS AND FOR CROSS-CLAIMS AGAINST CO-DEFENDANTS
## OST TRUCKS AND CRANES, INC., PACIFIC RO RO STEVEDOING, INC., and PACIFIC RO RO STEVEDORING LLC, WWL ALLEGES AS FOLLOWS:

33.     If WWL is found liable to Plaintiff in this action by way of verdict, judgment or settlement, such liability, if any, in whole or in part, would be due to the active and primary fault, neglect and negligence and/or breach of express and implied contract on the part of the co-Defendants, OST TRUCKS AND CRANES, INC., PACIFIC RO RO STEVEDOING, INC., and PACIFIC RO RO STEVEDORING LLC, one of them, some of them or all of them, without any fault, neglect, negligence and/or breach of express or implied contract by WWL contributing thereto.

34.     By reason of the foregoing, WWL demands indemnification and/or contribution from the aforesaid co-Defendants, one of them, some of them or all of them, for any such verdict, judgment or settlement which may be rendered against it, including reasonable counsel fees necessary to defend this action.

**WHEREFORE,** WWL demands that the Verified Amended Complaint herein be dismissed with costs to WWL and against the Plaintiff, and in the alternative, that WWL have judgment on the cross-claim against co-Defendants, OST TRUCKS AND CRANES, INC., PACIFIC RO RO STEVEDOING, INC., and PACIFIC RO RO STEVEDORING LLC, one of them, some of them or all of them, including reasonable counsel fees necessary to defend this action, and that the Court grant such other, further and different relief as the justice of the cause may require.

Dated in the City of New York on February 19, 2008

        Respectfully submitted,

        JUNGE & MELE, LLP
*Attorneys for Defendants*
*Wallenius Wilhelmsen Logistics A/S*
*Wallenius Wilhelmsen Logistics Americas LLC &*
*Parsifal Shipping Ltd., as Owner of the*
*M/V "Madame Butterfly"*

        /s/ Peter A. Junge
By: _____
        Peter A. Junge (PJ-0745)
29 Broadway - 9th Floor
New York, NY 10006
(212) 269-0061

## VERIFICATION

PETER A. JUNGE declares as follows:

1.   I am a member of the bar of this Honorable Court and a partner in the firm of Junge & Mele, LLP, attorneys for Defendants, Wallenius Wilhelmsen Logistics A/S, Wallenius Wilhelmsen Logistics Americas LLC & Parsifal Shipping Ltd., as Owner of the M/V "Madame Butterfly"

2.   I have read the foregoing Answer and I believe the contents thereof are true.

3.   The reason that this Verification is made by deponent and not by said Defendants is that said Defendants are foreign companies with no officers or directors of which are within this District.

4.   The sources of my information and belief are documents provided to me and statements made to me by said Defendants.

5.   I declare under penalty of perjury that the foregoing is true and correct. Dated in the City of New York on February 19, 2008

/s/ Peter A. Junge

_____
Peter A. Junge