UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ST. PAUL TRAVELERS INSURANCE
COMPANY LTD.,

    Plaintiff,

vs.

M/V MADAME BUTTERFLY, her engines, tackle, machinery, etc., *in rem*; WALLENIUS WILHELMSEN LOGISTICS AS; WALLENIUS WILHELMSEN LOGISTICS AMERICAS LLC; OST TRUCKS AND CRANES, INC.; PACIFIC RO RO STEVEDORING, INC.; PACIFIC RO RO STEVEDORING LLC and PARSIFAL SHIPPING LTD. *in personam*;

    Defendant.

CASE NO.: 08 CV 00410

**ANSWER TO FIRST AMENDED COMPLAINT AND CROSS-CLAIM**

    Defendant Pacific Ro Ro Stevedoring, LLC, improperly also sued herein known as Pacific Ro Ro Stevendoring, Inc., (hereinafter "Pac Ro Ro" or "Defendant") by its attorneys, DUANE MORRIS LLP, answers the Amended Complaint of Plaintiff St. Paul Travelers Insurance Company (hereinafter known as "St. Paul" or "Plaintiff"), upon information and belief, as follows:

    1.    Admits this action is within the Court's Admiralty jurisdiction but otherwise is without knowledge and/or information sufficient to either admit or deny the allegations contained in paragraph 1 of the Complaint.

    2.    Admits the allegations contained in paragraph 2 of the Amended Complaint.

3. Defendant is without knowledge and/or information sufficient to either admit or deny the allegations contained in paragraph 3 of the Complaint.

4. Defendant is without knowledge and/or information sufficient to either admit or deny the allegations contained in paragraph 4 of the Complaint.

5. Defendant is without knowledge and/or information sufficient to either admit or deny the allegations contained in paragraph 5 of the Complaint.

6. Defendant is without knowledge and/or information sufficient to either admit or deny the allegations contained in paragraph 6 of the Complaint.

7. Defendant is without knowledge and/or information sufficient to either admit or deny the allegations contained in paragraph 7 of the Complaint.

8. Defendant is without knowledge and/or information sufficient to either admit or deny the allegations contained in paragraph 8 of the Complaint.

9. Defendant Pacific Ro Ro Stevedoring, LLC admits it is a Delaware registered company doing business as a stevedore in California but except as admitted denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant Pacific Ro Ro Stevedoring, LLC admits it is a Delaware registered company doing business as a stevedore in California but except as so admitted denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant is without knowledge and/or information sufficient to either admit or deny the allegations contained in paragraph 11 of the Complaint.

12. Defendant is without knowledge and/or information sufficient to either admit or deny the allegations contained in paragraph 12 of the Complaint except as to the issuance and existence of the Bill of Lading.

13. Defendant is without knowledge and/or information sufficient to either admit or deny the allegations contained in paragraph 13 of the Complaint except as to the issuance and existence of the Bill of Lading.

14. Defendant is without knowledge and/or information sufficient to either admit or deny the allegations contained in paragraph 14 of the Complaint.

15. Defendant is without knowledge and/or information sufficient to either admit or deny the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits only that Pacific Ro Ro's acts were subject to the defenses and limitations set forth in the referenced ocean Bill of Lading, but except as so admitted is without knowledge to admit or deny the allegation in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

## FIRST CAUSE OF ACTION

20. Defendant repeats and realleges each and every allegation contained in paragraphs 1 through 19 of the Complaint as if set forth at length herein.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

## SECOND CAUSE OF ACTION

24. Defendant repeats and realleges each and every allegation contained in paragraphs 1 through 19 of the Complaint as if set forth at length herein.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

## THIRD CAUSE OF ACTION

27. Defendant repeats and realleges each and every allegation contained in paragraphs 1 through 19 of the Complaint as if set forth at length herein.

28. Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Amended Complaint.

## FOURTH CAUSE OF ACTION

30. Defendant repeats and realleges each and every allegation contained in paragraphs 1 through 19 of the Amended Complaint as if set forth at length herein.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 31 of the Complaint.

## FIFTH CAUSE OF ACTON

33. Defendant repeats and realleges each and every allegation contained in paragraphs 1 through 19 of the Amended Complaint as if set forth at length herein.

34. Defendant denies the allegations contained in paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations contained in paragraph 29 of the Amended Complaint.

## SIXTH CAUSE OF ACTION

36. Defendant repeats and realleges each and every allegation contained in paragraphs 1 through 19 of the Amended Complaint as if set forth at length herein.

37. Defendant denies the allegations contained in paragraph 37 of the Amended Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Amended Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

That Pac Ro Ro has no liability to plaintiff or to any other person for any loss or damage under the applicable provisions of the Bill of Lading,

## THIRD AFFIRMATIVE DEFENSE

That Pac Ro Ro has no liability to plaintiff or to any other person for any loss, or damage under the applicable provisions of the contract of carriage, tariffs and/or applicable law or regulation or other.

## FOURTH AFFIRMATIVE DEFENSE

That any liability of Pac Ro Ro is subject to limitation under the provisions of the Bill of Lading.

## FIFTH AFFIRMATIVE DEFENSE

That any liability of Pac Ro Ro is subject to limitation under the applicable contract, tariff, law or regulation or otherwise.

## SIXTH AFFIRMATIVE DEFENSE

Defendant is entitled to all Defenses and Limitations of Liability provided for by the Bill of Lading.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant is entitled to all defenses and Limitations of Liability provided for by contract, tariff, law, and regulation or otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of limitations, laches or other applicable time limit.

## NINTH AFFIRMATIVE DEFENSE

The action is barred by the doctrine of Estoppel.

## TENTH AFFIRMATIVE DEFENSE

The action is barred by the doctrine of Waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not the real party in interest and lacks standing to maintain this action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate the claimed loss.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to perform the conditions necessary or precedent required to maintain this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

If proven, the damages complained of were caused by the direct and proximate negligence or wrongs of other parties, their agents or employees or by others unknown at this time, over whom Defendant has no control and for which this defendant cannot not be held liable.

## FIFTEENTH AFFIRMATIVE DEFENSE

If proven, the damages complained of were caused by the direct and proximate negligence or wrongs of other parties, their agents or employees or by others unknown at this time over whom Defendant has no control at any time relevant hereto, and in the event Defendant is found liable to plaintiff, which liability is expressly denied, Defendant will be entitled to indemnification.

## SIXTEENTH AFFIRMATIVE DEFENSE

If proven, the damages complained of were caused by the direct and proximate negligence of other parties, their agents or employees or by others unknown at this time over whom Defendant has no control at any time relevant hereto, and in the event Defendant is found liable to plaintiff, which liability is expressly denied, Defendant will be entitled to contribution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

If proven, the damages complained of were caused by the direct and proximate negligence of other parties, their agents or employees or by others unknown at this time over whom Defendant has no control at any time relevant hereto, and in the event Defendant is found liable to plaintiff, which liability is expressly denied, Defendant will be entitled to an apportionment of liability.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Lack of personal jurisdiction over Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant is not liable as it took all necessary measures to avoid the loss or damage described in the Complaint, or it was impossible for Defendant to take such measures.

## TWENTIETH AFFIRMATIVE DEFENSE

The alleged damages were caused and brought about by an intervening and superseding cause and were not caused by Defendant or by a person for whom Defendant is responsible.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Defendant acted reasonably and properly at all times, and in accordance with the accepted practices of the industry.

## TWENTY SECOND AFFIRMATIVE DEFENSE

Answering defendant reserves the right to amend this Answer to assert additional defenses upon completion of further investigation and discovery.

**WHEREFORE**, Defendant demands judgment against plaintiff dismissing the Complaint with prejudice and with costs and attorneys' fees and, for such other relief as the Court deems proper.

## CROSS-CLAIM

If the cargo which is the subject of Complaint suffered any loss or damage as alleged which is denied, it resulted solely from the fault, neglect and/or lack of care, breach of contract and/or breach of warranty (express or implied), omission or other wrongful act on the part of one or more of Co-defendants, or their agents or sub-contractors, and as a result of the foregoing, if any liability should be imposed upon Defendant, Defendant should be granted contribution or

indemnity in full against Co-defendants or their agents or sub-contractors, jointly and severally, together with attorneys' fees, costs and disbursements of the action.

**WHEREFORE,** Defendant PACIFIC RO RO STEVEDORING, LLC, prays for judgment dismissing the Complaint against it with prejudice and with an award of costs, and that it be awarded the reasonable attorneys' fees incurred in the defense hereof, and alternatively for indemnity or contribution or both from Co-defendants jointly and severally including an award for its legal fees and costs, and for such other and further relief that this Court may deem just and proper.

                                                        Respectfully submitted,

BY: _____
James W. Carbin
DUANE MORRIS LLP
A Delaware Limited Liability Partnership
744 Broad Street, Suite 1200
Newark, NJ 07102-3889
973.424.2000
Attorneys for Defendant
Pacific Ro Ro Stevedoring, Inc.

Newark, New Jersey
Dated: February 25, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Defendant, Pacific Ro Ro Stevedoring, LLC and Pacific Ro Ro Stevendoring, Inc., has been served via ECF Filing and U.S. mail this 26th day of February, 2008 to the following:

David Yita Loh
Cozen O'Connor
45 Broadway Atrium
16th Floor
New York, NY 10006

Peter A. Junge
Junge & Mele, LLP
29 Broadway
9th Floor
New York, NY 10006-3101

Thaddeus John Rozanski
Kral, Clerkin, Redmond, Ryan, Perry & Girvan (LIs)
69 East Jericho Tpke.
Mineola, NY 11501

Dated: February 26, 2008

Toni M. Reo