UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY                          08 Civ. 00410 (JGK)
a/s/o OST TRUCKS & CRANES, INC.

                        Plaintiff,

            v.

M/V MADAME BUTTERFLY, her engines,
tackle, machinery, etc., *in rem*; WALLENIUS
WILHELMSEN LOGISTICS AS; WALLENIUS
WILHELMSEN LOGISTICS, INC.; WALLENIUS
WILHELMSEN LOGISTICS AMERICAS LLC;
PACIFIC RO RO STEVEDORING, INC.; PACIFIC
RO RO STEVEDORING LLC and PARSIFAL
SHIPPING LTD. *in personam*;

                       Defendants.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## FIREMAN'S FUND INSURANCE COMPANY'S MOTION TO INTERVENE

Fireman's Fund Company ("FFIC"), by and through its undersigned attorneys, respectfully submit this Memorandum of Law in support of its Motion to Intervene pursuant to Federal Rules of Civil Procedure 24(a), alternatively 24(b)(2).

## I.      INTRODUCTION

FFIC should be allowed to intervene in the above-captioned action in the interest of judicial economy and because FFIC's interests will be materially affected by any decision rendered therein. As is well-recognized by the Federal Rules and case law interpreting those rules, where there is substantial overlapping of common facts and law, parties should be allowed to intervene, and become a party to the action.

2

## II.   BRIEF STATEMENT OF RELEVANT FACTS

This action arises out of the shipment of a yacht from England to the United States. During discharge of the yacht, the crane off loading the yacht from the vessel collapsed, severely damaging both the crane and the yacht.

The instant action arises from the damage sustained to the yacht, and is brought by the yacht's insurance interests in subrogation.  FFIC the subrogated insurer for the damaged crane, by the within motion, seeks to intervene in the instant action, as a plaintiff.

The underlying facts giving rise to the yacht damage are the same facts as for the crane damage.  By granting FFIC the right to intervene, the Court will be able to decide all of the relevant issues serving the dual purposes of fairness and judicial efficiency.

## III.   ARGUMENT

### A.   Standard

F.R.C.P. 24(a) provides:

> One timely motion, the court must permit anyone to intervene who;
>
> * * *
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

> Moreover, pursuant to F.R.C.P. 24 (b)(2), upon timely application, anyone may be permitted to intervene in an action:
>
> (2) . . . when an applicant's claim or defense and the main action have a question of law or fact in common . . .

All parties materially interested in the result of an action should be made parties to that action so that the Court may render complete justice.  N.L.R.B. v. Plasterers' Local Union No. 79, 404 U.S. 116, 92 S.Ct. 360 (1971); Coleman Capital Corp. v. Fidelity & Deposit Co. of Maryland, 43 F.R.D. 407 (S.D.N.Y. 1967).

3

**B.**     <u>The Court Should Grant FFIC's Motion to Intervene</u>

      **1.**     **FFIC has an interest relating to the property or transaction that is the subject of the instant action**

FFIC has a material interest in the outcome of the instant action, and the disposition of this action may impair FFIC's ability to protect that interest. As a result, FFIC should be allowed to intervene pursuant to F.R.C.P. 24(a)(2).

Under F.R.C.P. 24(a)(2), the concept of intervention mandates that all persons materially interested in the outcome of an action be made parties to that action. <u>Coleman Capital Corp. v. Fidelity & Deposit Co. of Maryland</u>, 43 F.R.D. 407 (S.D.N.Y. 1967). Courts interpret the right to intervene liberally. <u>Id.</u>; <u>United States v. C.M. Lane Lifeboat Co., Inc.</u>, 25 F. Supp. 410 (E.D.N.Y. 1938). Courts have long recognized that when a putative party's interest is not represented in litigation, and that putative party's rights will be affected by the disposition of that litigation, such a person should be permitted to intervene under the Federal Rules. F.R.C.P. 24(a)(2); <u>Coleman</u>, supra.

Here, because FFIC has a material interest in the outcome of the instant action, and the disposition of this action may impair FFIC's ability to protect that interest, the Court cannot resolve the instant action without materially affecting the interests of FFIC. Therefore, the Court should permit FFIC to intervene in the action.

      **2.**     **FFIC's interests are not represented by existing parties.**

FFIC should be allowed to intervene in the instant action because its interests are not represented by the existing parties. As explained above, FFIC's interest as a subrogee of OST is of such a nature that a resolution of the matter cannot be made without affecting FFIC's rights

      **3.**     **The Court has ancillary jurisdiction over FFIC's intervention.**

It is well settled that intervention may be founded on ancillary and supplemental jurisdiction. <u>F.T. International, Ltd v. Mason</u>, 2003 W.L. 21993859 n.1 (E.D. Pa. 2003).

As set forth above, this Court has ancillary or supplemental jurisdiction over FFIC's intervention in the St. Paul action. FFIC's claim arose out of the transaction or occurrence that is the subject matter of St. Paul's action. FFIC may assert its claim in St. Paul's action pursuant to Rule 8. Furthermore, allowing FFIC to intervene weighs in favor of judicial economy in that it avoids piecemeal litigation with potentially inconsistent outcomes.

## IV.    CONCLUSION

For the foregoing reasons, FFIC respectfully requests that this Court grant its Motion to Intervene, and allow it to become a party plaintiff in the instant action.

Dated: New York, New York
June 27, 2008

                                        COZEN O'CONNOR
                                        Attorneys for Plaintiff
                                        FIREMAN'S FUND  INSURANCE
                                        COMPANY


                                        James F. Campise (3631)
                                        45 Broadway Atrium, 16th Floor
                                        New York, New York 10006-3792
                                        Tel.:    (212) 509-9400
                                        Fax:     (212) 509-9492
                                        (Our File No.:  198603)

NEWYORK\27286\1 105470.000

5